Ex parte Johnny Ray MATTHEWS.

No. 45693.

Court of Criminal Appeals of Texas.

Jan. 3, 1973.

---

Bill Pemberton, Greenville, for appellant.

Larry Miller, Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from an order denying an application for a writ of habeas corpus.

Appellant attacks the constitutionality of that portion of Article 2338–1, § 3, Vernon's Ann.Civ.St., which defines the word "child" to mean any female person over the age of ten years and under the age of eighteen years and any male person over the age of ten years and under the age of seventeen years.[1]

Any attack upon Article 2338–1, § 3, V.A.C.S., must necessarily be an attack upon Article 30, § 2, Vernon's Ann.P.C.,[2] providing:

"No male under 17 years of age and no female under 18 years of age may be convicted of an offense except perjury unless the juvenile court waives jurisdiction and certifies the person for criminal proceedings."

Appellant urges that the foregoing statutes treat males and females unequally under the law.

The facts germane to the habeas corpus hearing are that appellant entered a plea of guilty to an indictment charging him with the offense of malicious mischief by destroying property of another of the value of over Fifty Dollars. Punishment was assessed at five years, but the imposition of the sentence was suspended and appellant was placed on probation. Appellant was born December 24, 1953, and the offense for which he was convicted and placed on probation was alleged to have occurred on February 14, 1971. Thus, appellant was seventeen at the date the offense occurred as well as the time of trial. On April 5, 1972, the State filed a motion to revoke probation alleging that appellant had violated conditions of the probation judgment "in that he did in the County of Hunt and State of Texas on the 31st day of March, 1972, then and there unlawfully possess a dangerous drug, to-wit: Meperidine; that he has failed to report to the Probation Officer since January 20, 1972; that he has completely failed to pay any court costs in this cause; that he has failed to pay any supervision fees since December 21, 1971."

■ The hearing on the motion to revoke probation was set for April 24, 1972. Appellant was taken into custody pending such hearing, and on April 14, 1972, appellant filed his application for writ of habeas corpus. The hearing on appellant's application for writ of habeas corpus was held on April 24, 1972, and the court denied, on the same day, the application from which order appellant now appeals.[3]

Appellant contends that the statutes in question treat males and females unequally under the law and are violative of the equal protection of the law clause, and of the due process clause, of the Fourteenth Amendment, the Nineteenth Amendment, the Eighth Amendment (in that same constitutes "status" punishment, constituting

---

1. Effective November 1, 1972, Article 2338–1, § 3, V.A.C.S., was amended defining the word "child" to mean any person over the age of ten years and under the age of seventeen years.

2. Article 30, § 2, V.A.P.C., was amended effective November 1, 1972, to read as follows:
   "No person under 17 years of age may be convicted of an offense except perjury unless the juvenile court waives

   jurisdiction and certifies the person for criminal proceedings."

3. This Court will not test a conviction where probation has been granted by writ of habeas corpus except where there is a substantial question raised that there is no valid statute under which a prosecution might be had. See Ex parte Sanchez, 489 S.W.2d 295 (Tex.Cr.App.1972), and cases cited therein.

cruel and unusual punishment) and a treaty of the United States wherein this nation has internationally pledged itself to the principle of legal equality between the sexes.

The thrust of appellant's argument is that he has been denied equality under the law because a male age *seventeen* who commits a felony is treated as an adult, whereas, a female age seventeen, who commits the same crime under the same circumstances is treated as a juvenile.

In Buchanan v. State, Tex.Cr.App., 480 S.W.2d 207, appeal dismissed for want of a substantial federal question, 409 U.S. 814, 93 S.Ct. 175, 34 L.Ed.2d 71, this Court rejected a contention that Article 1147(9), V.A.P.C. (providing that any assault or battery committed by an adult male upon an adult female is an aggravated assault) was unconstitutional as violative of the equal protection clause of the Fourteenth Amendment to the United States Constitution. In Buchanan, the defendant urged that since conduct by an adult male is punished more severly than is the same conduct by a female, the statute unreasonably discriminated against men. In rejecting defendant's argument that the statute was unconstitutional, this Court said:

"This is not a situation in which a statute imposes a classification wholly unrelated to any rational objective. See Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971). Neither is it one in which a statute imposes a higher penalty for members of one sex, irrespective of the nature of the offense. See United States ex rel. Robinson v. York, 281 F.Supp. 8 (D.Conn.1968); United States ex rel. Sumrell v. York, 288 F.Supp. 955 (D.Conn.1968); Liberti v. York, 28 Conn.Super. 9, 246 A.2d 106 (1968);

Commonwealth v. Daniel, 430 Pa. 642, 243 A.2d 400 (1968). Rather, in this case, the general physical disparity between male and female causes an assault or battery by a male upon a female to be a separate offense in itself."

Thus, in the instant case, we are confronted with questions of whether the statutes in question impose a classification wholly unrelated to any rational objective and whether the statutes impose a higher penalty for members of one sex, irrespective of the nature of the offense.

The United States Court of Appeals for the Tenth Ciircuit recently held in Lamb v. Brown, 456 F.2d 18 (1972) that an Oklahoma statute similar to Article 2338–1, V.A.C.S., and Article 30, § 2, V.A.P.C., was unconstitutional because the same violated the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.[4] In Lamb v. Brown, supra, the Court said:

"Lamb v. State, supra, is not helpful in our search for a rational justification for the disparity in treatment between 16-18 year old males and 16-18 year old females under the statute. 'Demonstrated facts of life' could mean many things. The 'demonstrated facts' which the Court relied upon are not spelled out. They are not obvious or apparent. We therefore cannot weigh them to determine if they 'might suffice to characterize the classification as reasonable rather than arbitrary and invidious.' McLaughlin v. Florida, 379 U.S. [184] at 191, 85 S.Ct. [283] at 288, 13 L.Ed.2d 222 (1964).

"We have not been presented with a logical constitutional justification for the discrimination inherent in 10 Okl.St.Ann., § 1101(a).

---

4. The Oklahoma statute in question had been upheld by the Oklahoma Court of Criminal Appeals in Lamb v. State, 475 P.2d 829, the Court saying:

" . . . as we view the section of the statutes, we do not find it to be so repugnant to the Constitution of the United States as the defendants would lead the Court to believe. As we view the situation, the statute exemplifies the legislative judgment of the Oklahoma State Legislature, premised upon the demonstrated facts of life; and we refuse to interfere with that judgment."

"The State, in its brief and oral argument has simply relied upon the unexplained 'demonstrated facts of life.' Because the purpose of the disparity in the age classification between 16–18 year old males and 16–18 year old females has not been demonstrated, we hold that 10 Okl.St.Ann., § 1101(a) is violative of the equal protection clause. This ruling shall not apply retroactively."

■ Patently, the result of Article 2338–1, V.A.C.S., and Article 30, § 2, V.A. P.C., is to impose a different standard of responsibility for members of one sex, irrespective of the nature of the offense. Further, we are unable to find any rational objective or logical constitutional justification for the disparity in the age classification between seventeen-eighteen year old males and seventeen-eighteen year old females. We conclude that the portion of Article 2338–1, V.A.C.S., which provides for the inclusion of females of age seventeen within the definition of the word "child," is violative of the equal protection clause. Likewise, the exclusion of seventeen year old females from persons who can be convicted under Article 30, § 2, V.A.P.C., is repugnant to the equal protection clause.

Having concluded that the disparity in the age classification between males and females is unconstitutional, we must determine whether such constitutional infirmity entitles appellant to the relief he seeks.

The seventeen-eighteen year old classification set forth in Article 2338–1, § 3, V.A.C.S., and Article 30, § 2, V.A.P.C., operative at the time of appellant's conviction was the result of amendments effective August 28, 1967.

The purpose of the 1967 amendments, as set forth in Acts 1967, 60th Leg., p. 1082, ch. 475, §§ 2–7 (amending Sections 3, 5, 6, 12, and 13 of Article 2338–1, V.A.C.S., and Article 30, V.A.P.C.), was: "The purpose of this Act is to give the juvenile court exclusive jurisdiction in cases where children below the age of 15 years violate penal laws of the grade of felony; and to provide a procedure and grounds for the juvenile court to waive jurisdiction and transfer children for criminal proceedings in cases involving offenses committed by children 15 years of age or older; and to prevent children being proceeded against in both the juvenile and district court or criminal district court for offenses committed while of juvenile age . . ." The pertinent portion of Sections 5 and 6, as amended by the 1967 Act, provides that the juvenile court has exclusive original jurisdiction in proceedings governing any delinquent child and the juvenile court may waive jurisdiction of a child who is charged with a felony offense committed when the child was fifteen years of age or older by following the procedure set forth therein. (Sections 12 and 13 of 2338–1, V.A.C.S., are not pertinent to the instant case). Under the 1967 amendment, Section 1, Article 30, V.A.P.C. (§ 2 imposes the seventeen-eighteen year old classification and § 3 is not pertinent to this case) reads: "No person may be convicted of any offense, except perjury, which was committed before he was 15 years of age; and for perjury only when it appears by proof that he had sufficient discretion to understand the nature and obligation of an oath."

The 1967 amendments to Article 2338–1, V.A.C.S., and Article 30, V.A.P.C., contained a savings clause providing: "If any provision of this Act or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the Act which can be given effect without the invalid provision or application, and to this end the provisions of this Act are declared to be severable."

■ When a savings or severability clause is found in a statute, the courts will retain all the valid portions of the statute even though they would have declared the entire act invalid without the savings clause. After the invalid portions are stricken, there must remain a statute capable of enforcement in accordance with the

will of the Legislature or the entire Act must fall. Even if there be no savings clause and the court can infer a legislative intent to have enacted the valid portions without the invalid portions, the court may sever the invalid portions. 12 Tex. Jur.2d, Sections 49, 50.

A close reading of Section 1, Article 30, V.A.P.C. (as amended in 1967) providing that no one can be convicted of any offense, except perjury which was committed before he was fifteen years of age, shows nothing which could give rise to a claimed unreasonable classification based on sex.

Clearly, Section 1, Article 30, V.A.P.C., is not dependent upon Section 2 of Article 30, V.A.P.C., which contains the seventeen-eighteen year old classification. See Gilderbloom v. State, 160 Tex.Cr.R. 471, 272 S.W.2d 106.

The legislative intent expressed in the enactment of the 1967 amendments was to give the juvenile courts exclusive jurisdiction in cases where children were below the age of fifteen. Prior to the 1967 amendments, Article 30, V.A.P.C., had provided:

"No person shall be convicted of any offense committed before he was nine years old except perjury, and for that only when it shall appear by proof that he had sufficient discretion to understand the nature of the oath; nor of any other offense committed between the age of nine and thirteen, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense."

Article 29, V.A.P.C., provides, "With the exception stated in this chapter, all persons whether inhabitants of this State or the United States or aliens are amenable to punishment for offenses punishable under this Code."

 The invalidity of the seventeen-eighteen year old classification in Section 2 of Article 30, V.A.P.C., as amended in 1967, clearly does not repeal Article 29, V.A.P.C. Rowland v. State, 166 Tex.Cr.R. 118, 311 S.W.2d 831; Ex parte Heartsill, 118 Tex.Cr.R. 157, 38 S.W.2d 803.

 Thus, by deleting the seventeen-eighteen year old classification, every person is amenable to punishment for offenses under the code (Article 29, V.A.P.C.), except persons under the age of fifteen (Article 30, § 1, V.A.P.C.)

After excising the seventeen-eighteen year old classification from Article 30, V.A.P.C. and Article 2338–1, V.A.C.S., appellant was amenable to prosecution for an offense under the Penal Code committed when he was seventeen years of age.

The order denying appellant's application for writ of habeas corpus is affirmed.

Opinion approved by the Court.