**Ex parte John Lamar TULLOS.**

**No. 51755.**

Court of Criminal Appeals of Texas.

Sept. 15, 1976.

James W. Minor, Austin, for appellant.

C. Ned Granger, County Atty. and Mark Schreiber, Asst. County Atty., Austin, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a habeas corpus proceeding in which petitioner was denied relief in the County Court at Law No. 2 of Travis County.

Petitioner was convicted for driving while intoxicated under Art. 6701*l*–1, V.A. C.S., on July 29, 1974. Punishment was assessed at thirty days' confinement and a $100.00 fine, but petitioner was placed on probation for nine months. Motion to revoke probation was filed February 19, 1975. Probation was revoked on June 13, 1975, and the period of confinement was ordered reduced to five days. Petitioner thereafter filed application for writ of habeas corpus challenging the constitutionality of his confinement and secured his release upon personal bond pending disposition of his habeas corpus action. The court below denied relief and this appeal was taken under Art. 44.34, V.A.C.C.P.

Petitioner challenges the constitutionality of his confinement under the Equal Protection Clause of the United States Constitution and under this Court's holding in *Ex parte Matthews*, Tex.Cr.App., 488 S.W.2d 434. Specifically, appellant attacks the operation of Arts. 6701*l*–1 and 6701*l*–4, V.A. C.S., under which seventeen to eighteen

year old males are treated differently than females of the same age, in that such males are subject to punishment including confinement in jail for driving while intoxicated, whereas females of the same age and guilty of the same offense are subject to punishment only by fine.

Petitioner was assessed punishment under Art. 6701*l*–1, supra, which provides in part:

"Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State . . . while such person is intoxicated or under the influence of intoxicating liquor, shall be guilty of a misdemeanor and upon conviction shall be punished by confinement in the county jail for not less than three (3) days nor more than two (2) years, and by a fine or not less than Fifty ($50.00) Dollars nor more than Five Hundred ($500.00) Dollars.[1]

Article 6701*l*–4, supra, on the other hand, provides in part:

"Section 1. Any male minor who has passed his 14th birthday but has not reached his 17th birthday, and any female minor who has passed her 14th birthday but has not reached her 18th birthday, and who drives or operates an automobile or any other motor vehicle on any public road or highway in this state . . . while under the influence of intoxicating liquor . . . shall be guilty of a misdemeanor and shall be punished by a fine of not more than One Hundred Dollars ($100.00). . . ."

It is apparent that males and females convicted of driving while intoxicated are treated the same under these two statutes, according to age, with the sole exception of seventeen year old offenders. Petitioner was seventeen years of age when he committed the offense of driving while intoxicated. He contends his confinement is unlawful because a female the same age committing the same unlawful acts would be subject to prosecution under Art. 6701*l*–4,

supra, and could not be punished by confinement.

Two issues are raised. The first is whether the statutory scheme embraced by these statutes impermissibly discriminates upon the basis of sex against males of the age of seventeen years. If so, we must then determine whether petitioner's confinement under Art. 6701*l*–1, supra, is lawful.

We deem *Ex parte Matthews*, Tex.App., 488 S.W.2d 434, to be controlling upon the first issue. In that case Art. 2338–1, Sec. 3, V.A.C.S., and Art. 30, Sec. 2, V.A.P.C., which in effect provided that a seventeen year old male offender against the laws should be tried as an adult, whereas a seventeen year old female offender could not be so tried unless the juvenile court waived jurisdiction, were held to be without rational basis in so differentiating between males and females.

The statutes before us today likewise discriminate between seventeen year old males and females without rational basis, and therefore, upon the reasoning of *Ex parte Matthews*, supra, create a punishment scheme that is unconstitutional under the Fourteenth Amendment to the United States Constitution and Article I, Section 3a of the Texas Constitution. We hold that all seventeen year old persons convicted of driving while intoxicated must be subject to the same range of punishment regardless of sex.

We must now address the second issue: whether the unconstitutional punishment scheme for seventeen year old DWI offenders renders petitioner's confinement unlawful. To decide this issue we must determine whether inclusion of male seventeen year old DWI offenders in Art. 6701*l*–1, supra, was an unconstitutional imposition of liability in the face of the lesser punishment range applicable to similarly situated females or whether the inclusion of female seventeen year old DWI offenders in Art. 6701*l*–4, supra, was an unconstitutional exemption from punishment by confinement

---

1. The remaining sentence of the article, then Art. 802, V.A.P.C., was held unconstitutional in

*Gilderbloom v. State*, 160 Tex.Cr. 471, 272 S.W.2d 106, 109 (on motion for rehearing).

in the face of the greater punishment range applicable to similarly situated males. We find the legislative history of successive enactments and amendments of the statutes on this subject to be instructive in the resolution of this issue.

After earlier enactments,[2] the Legislature in 1941 (47th Leg., p. 819, ch. 507, Sec. 1) amended Article 802, V.A.P.C. (1925), later Art. 6701*l*–1, supra, to provide:

> "Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State, or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, shall be guilty of a misdemeanor, and upon conviction, shall be punished by confinement in the County Jail for not less than ten (10) days nor more than two (2) years, or by a fine of not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500), or by both such fine and imprisonment."

In 1951 the Legislature supplemented the general driving while intoxicated statute then in force (Art. 802, supra) with a statute addressed specifically to minors. By Acts 1951, 52nd Leg., p. 786, ch. 436, it was enacted in part:

> "Section 1. Any minor who has reached his or her fourteenth (14th) birthday but who has not reached his or her seventeenth (17th) birthday and who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State, or upon any street or alley within the limits of an incorporated city, town, or village, in a reckless manner, at an excessive rate of speed, or while under the influence of intoxicating liquors, as hereinafter defined in this Act, shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than One Dollar ($1) nor more than Fifty Dollars ($50).

> "Sec. 2. . . .

> "(c) Any minor who drives or operates an automobile or any other vehicle while such person is intoxicated or under the influence of intoxicating liquors shall be guilty of driving or operating a motor vehicle while under the influence of intoxicating liquors."

This statute was designated Art. 802d, V.A. P.C., and is now designated Art. 6701*l*–3, V.A.C.S. Two years later Art. 802, supra, was amended to read the same as Art. 6701*l*–1 does today, quoted above, providing for confinement and a fine. Acts 1953, 53rd Leg., p. 480, ch. 167, Sec. 1. Article 6701*l*–4, supra, was enacted in its present language by Acts 1957, 55th Leg., p. 736, ch. 302, and designated Article 802e, V.A.P.C. That enactment also apparently intended to repeal Art. 802d, supra, now Art. 6701*l*–3, supra. Compare Sec. 5 of the Act with its caption and see Op.Atty.Gen. 1957, No. WW–182.

This history of legislative acts upon the subject demonstrates that the discrimination under these statutes between seventeen year old males and females today held unconstitutional first arose upon enactment of Art. 802e, V.A.P.C., in 1957. From the enactment of Art. 802d in 1951 until the enactment of Art. 802e in 1957, neither males nor females seventeen years of age were protected from confinement by the provisions of the minor DWI statute then in force, i.e., Art. 802d, supra. Under that law only minors under seventeen years of age were so protected from confinement. The effect of the 1957 change in the law, then, was to extend the protection from confinement for driving while intoxicated to seventeen year old females without likewise extending that protection to seventeen year old males. We therefore hold the 1957 enactment of Art. 802e, V.A.P.C., now designated Art. 6701*l*–4, V.A.C.S., unconstitutionally extended to seventeen year old females without likewise extending to seventeen year old males punishment by fine

---

**2.** Acts 1923, 38th Leg., 2nd C.S., p. 56; Acts 1935, 44th Leg., 1st C.S., p. 1654, ch. 424, Sec. 1; Acts 1937, 45th Leg., p. 108, ch. 60, Sec. 1.

only for driving while intoxicated, as distinguished from the punishment range available against such males of fine and imprisonment under Art. 802, now Art. 6701*l*–1.

Finally, we must ascertain whether this unconstitutional character of Article 6701*l*–4, supra, renders the entire statute void. Section 6 of the original Act (Acts 1957, 55th Leg., ch. 302) provided:

> "If any provision of this Act *or the application thereof to any person or circumstance* is held invalid, such invalidity shall not affect other provisions of [sic] applications of the Act which can be given effect without the invalid provisions or application, and to this end the provisions of this Act are declared to be severable." (Emphasis added.)

Giving effect to this provision, we hold Article 6701*l*–4, supra, unconstitutional only insofar as it extends to seventeen year old females. Having thereby severed the unconstitutional application from the statute, we hold petitioner's confinement under Art. 6701*l*–1, supra, is not unlawful.

Furthermore, under the principles applied in *Delorme v. State*, Tex.Cr., 488 S.W.2d 808, we may strike such words from Article 6701*l*–4, supra, as are required to give effect to the legislative intent to the extent consistent with the constitutional principles here applied. Thereupon, Article 6701*l*–4, supra, with the stricken words lined out, reads in relevant part as follows:

> "Section 1. Any ~~male~~ minor who has passed his 14th birthday but has not reached his 17th birthday, ~~and any female minor who has passed her 14th birthday but has not reached her 18th birthday~~, and who drives or operates an automobile or any other motor vehicle on any public road or highway in this state . . . while under the influence of intoxicating liquor[3] . . . shall be guilty of a misdemeanor and shall be punished by a

fine of not more than One Hundred Dollars ($100.00). . . . "

The order of the court below denying relief is affirmed.

---

**3.** We further observe that V.T.C.A. Penal Code Sec. 8.07, as amended (Acts 1975, 64th Leg., p. 2158, ch. 693, Sec. 24, eff. Sept. 1, 1975), prohibits prosecution for this offense if committed by a person when younger than fifteen years of age, and further prohibits such prosecution for this offense committed before reaching seventeen years of age unless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution.