

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 3, 1977

Honorable Wilson E. Speir
Director, Texas Department of
 Public Safety
5805 N. Lamar Boulevard
Austin, Texas 78773

Opinion No. H-1034

Re: Records of breath
tests administered to
minors.

Dear Col. Speir:

You have asked our opinion whether article 6701l-5, V.T.C.S., authorizes the administration of breathalyzer tests to minors and, if so, whether the minor's name can be entered on a breathalyzer log maintained by the Department of Public Safety. Article 6701l-5 declares that "any person" who operates a motor vehicle on the public highways shall be deemed to have given consent to a breath test for purposes of determining the alcoholic content of his blood. Refusal to submit to such test by "a person under arrest" may result in suspension of the person's license to drive. Id. § 2. Results of the test are admissible at "any . . . proceeding" arising out of the person's alleged driving while under the influence of intoxicating liquor. Id. § 3.

We believe it clear that the provisions of article 6701l-5 are applicable to minors as well as adults. Section 8.07(a)(2) of the Penal Code now prohibits criminal prosecution of a person for driving while intoxicated if the offender is younger than 15 years of age, and permits criminal prosecution of persons 15 and 16 years old only if the juvenile court waives jurisdiction and certifies the individual for criminal prosecution. Ex parte Tullos, 541 S.W.2d 167, 170 n. 3 (Tex. Crim. App. 1976). Such behavior constitutes "conduct indicating a need for supervision," and is within the exclusive original jurisdiction of the juvenile court. Family Code §§ 51.03(b)(4); 51.04. See Attorney General Opinion H-1020 (1977) at 2 - 3. Juveniles may be taken into custody "pursuant to the laws of arrest," see Attorney General Opinion H-487 (1975) at 2, although the detention is legally considered an "arrest" only "for the purpose of determining the validity of taking him into custody or the validity of a search." Family Code § 52.01 (a)(2), (b). Testing procedures such as those authorized in

p. 4265

article 67011-5 "plainly constitute searches."  Schmerber v. California, 384 U.S. 757, 767 (1966).  The validity of any breath test administered to a minor should, therefore, be determined under article 67011-5, and we believe the provisions of that article relative to suspension of licenses and admission of evidence are likewise applicable to minors.

The records of any test administered to a minor must, however, be maintained in conformity with the requirements of sections 51.14 and 51.16 of the Family Code.  Section 51.14(c) requires that law enforcement files and records concerning a child should be kept separate from adult records, and maintained "on a local basis only and not sent to a central state or federal depository."  Such records "are not open to public inspection" and are open only to persons designated in section 51.14(d), unless the juvenile court certifies an offender for prosecution as an adult.  Upon appropriate motion, the juvenile court may order all law enforcement files on a minor sent to the court, where the record shall be sealed. Family Code § 51.16(a).

We believe, therefore, that any record which might "furnish a basis for the identification of the child," Attorney General Opinion H-529 (1975) at 4, must be maintained separately from adult files, on a local basis only, and should be maintained in a form permitting its severance from the records of other individuals, to permit possible removal and sealing and to prevent disclosure of the individual's identity in proceedings to which he is not a party.

S U M M A R Y

Article 67011-5, V.T.C.S., authorizes the administration of breath tests to minors as well as adults.  Records of such a test, when administered to a person under 17 years of age, must be maintained in conformance with the requirements of sections 51.14 and 51.16 of the Family Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

klw