

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

H-1020

Honorable Wilson E. Speir          Opinion No. H-
Director
Texas Department of Public Safety  Re: Application of article
5805 North Lamar Boulevard         67011-4, V.T.C.S.
Austin, Texas 78773

Dear Col. Speir:

You have asked our opinion with regard to several aspects of article 67011-4, V.T.C.S., which prescribes a misdemeanor offense for traffic violations by certain minors. That article provides in part:

> Section 1. Any male minor who has passed his 14th birthday but has not reached his 17th birthday, and any female minor who has passed her 14th birthday but has not reached her 18th birthday, and who drives or operates an automobile or any other motor vehicle on any public road or highway in this state or upon any street or alley within the limits of any city, town or village, or upon any beach . . . while under the influence of intoxicating liquor, or who drives or operates an automobile or any other motor vehicle in such way as to violate any traffic law of this state, shall be guilty of a misdemeanor and shall be punished by a fine of not more than One Hundred Dollars ($100.00). . . .
>
> Sec. 1a. No such minor may plead guilty to any offense described in Section 1 of this Act except in open court before the judge. No such minor shall be convicted of such an offense or fined as provided in this Act except in the presence of one or both parents or guardians having legal custody of the minor. . . .

Section 2. No such minor, after conviction or plea of guilty and imposition of fine, shall be committed to any jail in default of payment of the fine imposed, but the court imposing such fine shall have power to suspend and take possession of such minor's driving license and retain the same until such fine has been paid.

Section 3. If any such minor shall drive any motor vehicle upon any public road or highway in this state or upon any street or alley within the limits of any corporate city, town or village, or upon any beach . . . without having a valid driver's license authorizing such driving, such minor shall be guilty of a misdemeanor and shall be fined as set out in Section 1 hereof.

Section 4. The offenses created under this Act shall be under the jurisdiction of the courts regularly empowered to try misdemeanors carrying the penalty herein affixed, and shall not be under the jurisdiction of the Juvenile Courts; but nothing contained in this Act shall be construed to otherwise repeal or affect the statutes regulating the powers and duties of Juvenile Courts. The provisions of this Act shall be cumulative of all other laws on this subject.

Your first question asks:

1) Are juveniles charged under Art. 6701l-4, V.T.C.S., subject to the same laws on bonds as adults and may they be incarcerated upon failure to make bond?

Attorney General Opinion WW-547 (1959) considered this question with regard to the predecessor statute of article 6701l-4. Opinion WW-547 concluded that a minor prosecuted under that statute should be treated as an adult and "may be confined in jail" upon failure to make bond. In the eighteen years since that opinion was written the Legislature has not changed the substance of the statute, and we have found nothing to ques-

-tion the continuing efficacy of that opinion. We believe, however, that any confinement of minors charged under article 67011-4 is subject to the provisions of Family Code § 51.12, requiring the segregation of minors from adult detainees. See Attorney General Opinion M-327 (1968).

Your second and third questions ask:

2) Can a juvenile 14, 15, 16 or 17 years of age be arrested for a traffic offense on an out-of-county warrant?

3) Can a juvenile who is unable to make bond when arrested and taken before a magistrate on an out-of-county warrant be transported back to the county where the warrant was issued? If your answer is yes, must the juvenile be accompanied by one or both of his parents?

As noted in Opinion WW-547, article 67011-4 constitutes a "departure from the general policy for handling juvenile offenders," by creating a special class of offenses for which minors may be prosecuted as adults. We believe, therefore, that a warrant issued by a county or district clerk for arrest of an individual charged under article 67011-4 extends "to any part of the State," and may be executed by a peace officer to whom it is directed "in any county in this State." Code Crim. Proc. art. 15.06. Of course, a person arrested under a warrant issued by a county other than the one in which he is arrested must be taken before a magistrate in the county of arrest and given an opportunity to post bail. Code Crim. Proc. art. 15.18. If the accused fails to post bail, he is to be committed to jail until transferred to the county in which the offense is alleged to have been committed. Code Crim. Proc. arts. 15.19-15.21. We believe these provisions to be generally applicable to persons arrested for offenses under article 67011-4.

Recent court decisions and amendments to the Penal Code have, however, eliminated persons in some of the age groups about which you inquire from the scope of some provisions of article 67011-4. Females who are 17 years of age are no longer subject to prosecution under article 67011-4. Ex parte Tullos, 541 S.W.2d 167 (Tex. Crim. App. 1976); Attorney General Opinion H-232 (1974). Moreover, section 8.07(a)(2)

of the Penal Code now prohibits criminal prosecution of a person for driving while intoxicated or under the influence of intoxicating liquor or drugs if the offense is committed by a person younger than fifteen years of age. A person who commits such an offense before reaching 17 years of age may be prosecuted criminally only if the juvenile court waives jurisdiction and certifies the individual for criminal prosecution. Penal Code § 8.07(b)(2). See Ex parte Tullos, supra note 3, at 170. The juvenile court now has exclusive original jurisdiction over proceedings arising from charges against a child for driving while intoxicated or under the influence of liquor or drugs. Family Code §§ 51.03(b)(4); 51.04.

Thus, article 6701l-4 now applies to 14, 15, 16 and 17 year old offenders as follows:

Fourteen year old persons -- may be prosecuted only for traffic offenses not involving charges of driving while intoxicated or under the influence of intoxicating liquor or drugs.

Fifteen and sixteen year old persons -- may be prosecuted for offenses involving charges of driving while intoxicated or under the influence of intoxicating liquor or drugs only if juvenile court waives jurisdiction and certifies the individual for criminal prosecution; may be prosecuted for other traffic offenses under article 6701l-4 without regard to waiver of juvenile court jurisdiction.

Seventeen year old persons -- are no longer subject to prosecution under article 6701l-4.

In response to the latter portion of your third question, we do not believe a juvenile must be accompanied by his parents if he is transferred from one county to another. Section la of article 6701l-4 requires the presence of a parent or guardian only at court proceedings. We do not believe a minor charged under article 6701l-4 should be transferred in the company of adult detainees, however, to avoid any conflict with Family Code § 51.12.

Your fourth question asks:

4) Can the juvenile pay a pre-stated fine in either the county where he is or in the county of his residence rather than appearing in "open court"?

Section 1a of article 6701l-4 specifically requires the appearance of the accused minor and a parent or guardian in open court as a requisite to any conviction. Attorney General Opinion M-163 (1967) concluded that this provision precludes a minor charged under article 6701l-4 from disposing of his case without a personal appearance in open court. We also believe that to be the proper interpretation of the statute.

### S U M M A R Y

Juveniles charged with traffic offenses under article 6701l-4, V.T.C.S., are subject to the same laws with regard to bail as adults, and may be incarcerated upon failure to make bond. Any minors so detained must be segregated from adult detainees and may, if arrested on a warrant outside the county of the alleged offense, be transported to the county where charges are pending. Juveniles charged under article 6701l-4 may not dispose of the charge by paying a predetermined fine without an appearance in open court with a parent or guardian.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

Honorable Wilson E. Speir - page 6

C. ROBERT HEATH, Chairman
Opinion Committee

klw