**Ex parte Wesley J. TRAHAN.**

**No. 62647.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 28, 1979.

Rehearing Denied Jan. 9, 1980.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is a post-conviction habeas corpus proceeding brought pursuant to Article 11.-07, V.A.C.C.P.

Petitioner was convicted of committing the offense of rape on December 28, 1968. Petitioner was 16 years old when he committed the offense. Petitioner was still 16 when he was indicted; however, by the time he pleaded guilty to the offense he had turned 17. Citing *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App.1977), petitioner urges that the indictment in the cause is void because he was not granted an examining trial prior to the indictment issuing.

In *Menefee* we held that an indictment which issues against a juvenile after a discretionary transfer from a juvenile court is void if the district court to which the cause is transferred fails to conduct an examining trial prior to the issuing of the indictment. See also *Watson v. State*, 587 S.W.2d 161 (Tex.Cr.App.1979); *White v. State*, 576 S.W.2d 843 (Tex.Cr.App.1979). *Menefee* was decided under the provisions of Title 3

of the Family Code, which was passed in 1973. At the time petitioner was prosecuted the predecessor to Title 3 of the Family Code, Article 2338–1, V.A.C.S. as amended in 1967, was in effect. The question is whether petitioner is entitled to relief under the provisions of this prior statute.

Article 2338–1, supra, established juvenile courts and gave them exclusive original jurisdiction in proceedings involving delinquent children. See Section 5(a) of the statute. "Delinquent child" was defined in Section 3 of the statute as females over the age of 10 years and under the age of 18 years, and males over the age of 10 years and under the age of 17 years.

In *Ex parte Matthews*, 488 S.W.2d 434 (Tex.Cr.App.1973), this Court found this seventeen/eighteen-year-old classification to be a denial of equal protection of the law. It found the seventeen/eighteen-year-old classification in Article 30, Section 2, V.A.P.C., to be unconstitutional for the same reason.[1] The Court excised the seventeen/eighteen-year-old classification from Article 2338–1 and Article 30, and concluded that all persons were amenable to punishment for offenses under the Penal Code except persons under the age of 15. The petitioner in that case was denied relief because he was 17 years of age at the time of the offense, thus was amenable to prosecution under the Penal Code.

Interpretations of the effect of *Ex parte Matthews*, supra, on Article 2338–1 have differed. This Court in *Chase v. State*, 508 S.W.2d 605 (Tex.Cr.App.1974), and *Hill v. State*, 504 S.W.2d 484 (Tex.Cr.App.1974), interpreted *Matthews* to strike out both the 17- and 18-year-old age limits and make all persons amenable to adult proceedings except persons under the age of 15. In effect this eliminated the exclusive original jurisdiction of the juvenile courts over persons between the ages of 15 and 17. The transfer procedures set out in Section 6 of the statute were rendered unnecessary to effect the jurisdiction of the district court over such juveniles.

The civil courts read *Matthews* differently. In *Miguel v. State*, 500 S.W.2d 680 (Tex.Civ.App.—Beaumont 1973, no writ), it was held that *Matthews* simply confined the jurisdiction of the juvenile courts to those persons over the age of 10 years and under the age of 17 years. Under this interpretation *Matthews* eliminated the discriminatory age classification by striking only the 18-year-old classification for females. Upon consideration, we think this is the better position.

In *Ex parte Tullos*, 541 S.W.2d 167 (Tex. Cr.App.1976), we faced a decision similar to that faced in *Matthews*. Article 6701*l*–4, V.A.C.S., provided that males under 17 years of age and females under 18 years of age who committed the offense of driving while intoxicated were guilty of a misdemeanor punishable only by fine. The same offense committed by persons above those ages was punishable by imprisonment and a fine under Article 6701*l*–1, V.A.C.S. Relying on *Matthews*, we held the age discrimination to be unconstitutional. We then concluded, after an examination of the legislative history of the statute in question, that in amending the original statute to provide for the discriminatory age limits, the Legislature impermissibly exempted females from the harsher standard of punishment. As a result we struck the 18-year-old classification, rendering the age limit 17 years of age for all persons. The remainder of the statute was left intact.

This Court's position in *Matthews* was that the inclusion of 17-year-old females within the jurisdiction of the juvenile court, rather than the exclusion of 17-year-old males from the jurisdiction of that court, violated the equal protection of the law. We stated at 488 S.W.2d 438:

Patently, the result of Article 2338–1, V.A.C.S., and Article 30, § 2, V.A.P.C., is to impose a different standard of responsibility for members of one sex, irrespective of the nature of the offense. Further, we are unable to find any rational

---

1. Article 30, Section 2 as amended in 1967 provided:

No male under 17 years of age and no female under 18 years of age may be convicted of an offense except perjury unless the juvenile court waives jurisdiction and certifies the person for criminal proceedings.

objective or logical constitutional justification for the disparity in the age classification between seventeen-eighteen year old males and seventeen-eighteen year old females. *We conclude that the portion of Article 2338–1, V.A.C.S., which provides for the inclusion of females of age seventeen within the definition of the word "child," is violative of the equal protection clause. Likewise, the exclusion of seventeen year old females from persons who can be convicted under Article 30, § 2, V.A.P.C., is repugnant to the equal protection clause.* [Emphasis added]

This same conclusion had been reached by the Legislature prior to the decision in *Matthews*. Anticipating a constitutional attack on the discriminatory age classification, the 62nd Legislature amended Article 2338–1, Section 3 in 1972 to provide that the upper age limit for a juvenile would be *seventeen* years for all persons. Acts 1972, 62nd Leg., 4th C.S., ch. 20, § 1, p. 43, eff. November 1, 1972. See Dawson, Commentary to Title 3 of the Texas Family Code, 5 Tex.Tech.L.R. 509, 513 (1974). Article 30 of the former Penal Code was amended by the same act to provide that no person under 17 years of age could be convicted of an offense except perjury unless the juvenile court waived jurisdiction and certified the person for criminal proceedings. *Matthews* was decided on January 3, 1973.

It was unnecessary for the Court to go so far as to strike both the 17- and 18-year-old age classifications in Article 2338–1 and Article 30. Such drastic action would have been necessary had we not decided whether 17-year-old females should have been excluded from, or 17-year-old males included within, the jurisdiction of the juvenile

courts. In fact we did decide that question. Moreover, the decision reached was virtually mandated by the Legislature's expression of its intention in 1972.

The 1967 amendments to Article 2338–1 and Article 30 contained a severability clause providing that if any provision or the application of any provision of the act to any person or circumstance was held invalid, that invalidity would not affect other provisions or application of the act which could be given effect without the invalid provision or application. See *Matthews* at 438. Clearly the striking of the 18-year-old age classification in Article 2338–1 and Article 30 need not have affected the validity of the 17-year-old classification. The severability clause in this case is identical to the one that we applied in *Ex parte Tullos*, supra, to save the 17-year-old classification in Article 6701*l*–4. See also Article 2338–1, Section 23, V.A.C.S.

Statutes should not be struck down or rendered ineffective unless absolutely necessary. We expressly approve of the analysis used in *Ex parte Tullos*, and find it applicable here. Accordingly, to the extent *Matthews* struck down both the 17- and 18-year-old age classifications, it is overruled. We hold that Article 2338–1, Section 3 was fully effective prior to November 1, 1972, to the extent it defined "delinquent child" as a person over the age of 10 years and under the age of 17 years.[2] Article 30 was effective to the extent it provided that no one under 17 years of age could be convicted of an offense other than perjury unless the juvenile court waived jurisdiction and certified him for criminal proceedings.[3] To the extent that they conflict with this holding, *Chase*, supra, and *Hill*, supra, are overruled.

2. Striking such words from Section 3 as required to give effect to the remainder of the statute, see *Ex parte Tullos*, supra; *Delorme v. State*, 488 S.W.2d 808 (Tex.Cr.App.1973), Section 3 reads in pertinent part as follows:

. . . the word "child" means any ~~female person over the age of ten years and under the age of eighteen years and any male~~ person over the age of ten years and under the age of seventeen years.

3. Striking the offending words from Article 30 and substituting the term "person" for the gender-based term "male," the relevant part of Article 30 reads as follows:

No ~~male~~ [person] under 17 years of age ~~and no female under 18 years of age~~ may be convicted of an offense except perjury unless the juvenile court waives jurisdiction and certifies the person for criminal proceedings.

We turn now to the merits of petitioner's contention. Section 5(a) of Article 2338–1 as amended in 1967 set forth the jurisdiction of the juvenile courts. It provided:

The juvenile court has exclusive original jurisdiction in proceedings governing any delinquent child. However, in those cases specified in Section 6 of this Act, the juvenile court may waive jurisdiction to the appropriate district court or criminal district court. The juvenile court is considered in session at all times.

■ If an indictment issues against a juvenile, adult criminal proceedings have been instituted against him. This directly conflicts with the first sentence of Article 2338–1, providing that the juvenile court has exclusive original jurisdiction in proceedings governing any delinquent child. The second sentence of Section 5(a) resolves the conflict, however, by providing that in those cases specified in Section 6 of the Act, the juvenile court may waive its jurisdiction to the district court. Section 6 is the discretionary transfer provision of Article 2338–1, analogous to Section 54.02 of the present Family Code.

■ Section 6(b) of Article 2338–1 as amended in 1967 provided:

If a child is charged with the violation of a penal law of the grade of felony and was fifteen years of age or older at the time of the commission of the alleged offense, the juvenile court may, within a reasonable time after the alleged offense, waive jurisdiction by following the requirements set out in Subsections (c) through (j) of this section, and transfer the child to the appropriate district court or criminal district court for criminal proceedings.

According to this provision, if a child, i. e., a person over the age of 10 years and under the age of 17 years, is charged with an offense and was 15 or older at the time of the offense, the juvenile court may waive its jurisdiction by following the procedures outlined in Subsections 6(c)–(j). Comparing Section 5(a) and Section 6, it is clear that where criminal charges are brought against a juvenile who was 15 or older when he committed the alleged offense, the juvenile court has exclusive jurisdiction. The district court can only obtain jurisdiction of the juvenile if the juvenile court waives jurisdiction, properly certifies its action, and transfers the child in accordance with the provisions of Section 6. This waiver of jurisdiction and transfer are essential to the acquisition of jurisdiction of the juvenile by the district court. If any doubt is left after considering the above provisions of Article 2338–1, Article 30, Section 2, supra, makes this crystal clear. Compare *Watson,* supra; *Bannister v. State,* 552 S.W.2d 124 (Tex.Cr. App.1977).

Article 2338–1 makes provision for an examining trial to be held by the district court upon transfer of the juvenile to that court. See Section 6(j) of the statute. Following the examining trial, the district court may either remand the juvenile to the jurisdiction of the juvenile court or retain jurisdiction of the juvenile. If the juvenile is bound over to the Grand Jury and the Grand Jury refuses to indict, the district court certifies that failure to the juvenile court, which then may resume jurisdiction. See Section 6(k) of the statute. This is the same three-step procedure provided for in Section 54.02, supra. See *Ex parte Menefee,* supra. Accordingly, the holding of *Menefee* should apply. We recently so held. *Ex parte Guzman,* 589 S.W.2d 461 (Tex. Cr.App.1979); *Ex parte Buchanan,* 588 S.W.2d 596. We now reemphasize those holdings.

Although petitioner was 17 at the time he pleaded guilty to the offense, the juvenile court did not thereby lose jurisdiction of this case. A long line of cases interpreting Article 2338–1 and its predecessors held that the age of the defendant at the time of trial determined whether the juvenile court had jurisdiction. See, e. g., *Dearing v. State,* 151 Tex.Cr.R. 6, 204 S.W.2d 983 (1947); *Dendy v. Wilson,* 142 Tex. 460, 179 S.W.2d 269 (1944); *Stallings v. State,* 129 Tex.Cr.R. 300, 87 S.W.2d 255 (Tex.Cr. App.1935); *McLaren v. State,* 85 Tex.Cr.R. 31, 209 S.W. 669 (Tex.Cr.App.1919). Those cases, however, interpreted Article 2338–1

as it existed prior to the 1967 amendments that established the discretionary transfer procedure. They relied mainly on Section 12 of the statute, which provided that a criminal defendant was to be transferred to the juvenile court if it was ascertained at the time of trial that he was a juvenile.

The above cases are not controlling after the 1967 amendments to Article 2338–1 and Article 30, supra. Under these amendments the Legislature expressed its intent to give the juvenile courts exclusive original jurisdiction over 15- and 16-year-old juveniles, subject to discretionary transfer of jurisdiction to the district court. If the prior case law were controlling, the State could ignore the 1967 amendments, and indict and prosecute a 15- or 16-year-old defendant as an adult as long as he turned 17 before trial. This would deprive the juvenile court of its exclusive original jurisdiction and would deprive the juvenile defendant of his right to the protection of the Section 6 transfer procedure, including the right to a waiver hearing and an examining trial. *Ex parte Guzman*, supra; *Ex parte Buchanan*, supra. In enacting an amendment the Legislature is presumed to have changed the law, and a construction should be adopted that gives effect to the intended change, rather than one that renders the amendment useless. *Stolte v. Karren*, 191 S.W. 600 (Tex.Civ.App.—San Antonio 1917, writ ref'd); *McLaren v. State*, 82 Tex.Cr.R. 449, 199 S.W. 811 (Tex.Cr.App. 1917). We conclude that the juvenile court retained jurisdiction of petitioner's case even though by the time he pleaded guilty he was 17 years old.

Petitioner was arrested on the date of the offense, at age 16. He was indicted on January 13, 1969, at age 16, without being transferred from the juvenile court or provided with an examining trial. He subsequently pleaded guilty to the offense charged. The transfer procedure was not followed in this case, and the district court never obtained jurisdiction. Petitioner's conviction is void. Moreover, petitioner was not granted an examining trial before the issuance of the indictment, as required by Section 6(j) of Article 2338–1 and by the decisions of this Court. Thus the indictment is void. *Ex parte Guzman*, supra; *Ex parte Menefee*, supra. Petitioner is entitled to relief.

Accordingly, the writ is granted, the conviction is set aside, and the indictment in Cause No. 10609–A is dismissed. Petitioner is released from custody and every manner of restraint in his personal liberty as a consequence of this conviction. The Clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

It is so ordered.

ROBERTS and W. C. DAVIS, JJ., concur in the result.

DOUGLAS, T. DAVIS, and DALLY, JJ., dissent.