**Arturo Daniel ARANDA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 04–81–00005–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 21, 1981.

Ruben Sandoval, San Antonio, for appellant.

Bill White, Dist. Atty., Douglas N. McNeel, Asst. Dist. Atty., San Antonio, for appellee.

Before BUTTS, ESQUIVEL and CANTU, JJ.

BUTTS, Justice.

This is an appeal from a conviction of aggravated rape. Punishment, enhanced under Tex.Penal Code Ann. § 12.42(d) (Vernon 1974) by two prior convictions, was assessed at life imprisonment by the trial court. The judgment is affirmed.

◼ Appellant contends that his prior conviction introduced for enhancement purposes at his punishment hearing is void. At the time of the primary conviction appellant was seventeen (17) years of age. Claiming denial of equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution, appellant challenges the constitutionality of the former Texas juvenile act, Tex.Rev.Civ.Stat. Ann. art. 2338–1 (Vernon 1965), specifically section 3 which defines "child" as a female person under the age of eighteen (18) years of age and over the age of ten (10) years or a male under the age of seventeen (17) and over ten (10) years of age. This age discrepancy in the statute was earlier declared unconstitutional in *Ex Parte Matthews*, 488 S.W.2d 434, 438 (Tex.Cr.App.1973) by the Court of Criminal Appeals. Including females under eighteen (18) years of age in the definition of "child" and excluding them from prosecution in the criminal courts at age seventeen (17) violates the equal protection clause of the United States Constitution. The court excised this part of the statute only, thus establishing a uniform age limit of seventeen (17) years for persons of either sex, with the remainder of the statute left intact. Appellant herein was amenable to prosecution when he was seventeen (17) years of age, and a conviction thus obtained is not void. It could properly be used to enhance the punishment for the primary offense, whether or not appellant objected to its introduction into evidence at the punishment phase. Appellant's grounds of error one and two that the judgment of conviction used to enhance his punishment was void are without merit.

◼ In ground of error three appellant argues that the trial judge should not have overruled his challenge for cause of juror Ramirez since she stated she thought appel-

lant was guilty. However, in response to the court's interrogation, she said she had not yet heard testimony and had not reached a decision. She told the defense counsel that she had not made up her mind. A juror may be qualified although he has stated an already-formed conclusion if he also states he will lay his opinion aside and base his verdict on the evidence. *Barefoot v. State,* 596 S.W.2d 875, 885, 884–885 (Tex. Cr.App.1980). *See Von Byrd v. State,* 569 S.W.2d 883 (Tex.Cr.App.1978). The juror was correctly held to be qualified.

Appellant failed to challenge for cause this juror at jury selection based on her alleged bias against the defendant under Tex.Code Crim.Pro. art. 35.16(a)(8) (Vernon Supp. 1978–1979) and may not do so on appeal. *Sloan v. State,* 515 S.W.2d 913, 916 (Tex.Cr.App.1974).

■ Appellant asserts in his fourth ground of error that the trial judge erred by allowing testimony from an officer which bolstered the unimpeached testimony of the prosecutrix identifying the appellant. *See Lyons v. State,* 388 S.W.2d 950, 951 (Tex.Cr.App.1965). Appellant did not object to the testimony at trial. There is nothing to review on appeal. *Sennette v. State,* 481 S.W.2d 827, 829 (Tex.Cr.App. 1972).

■■ In grounds of error five and six appellant complains of the hearsay testimony by an officer relating that neighbors told him appellant left in a car which subsequently was traced to his family. The officer was entitled to testify that he traced the license number of the vehicle because this was a fact within his own knowledge. However, acts and admissions that constitute part of the res gestae are admissible in both civil and criminal cases. It is not necessary to examine as witnesses the parties who spoke or acted in the transaction so long as these matters are relevant to the issues. 24 Tex.Jur.2d, *Evidence* §§ 579–580. *Ramos v. State,* 419 S.W.2d 359, 363 (Tex. Cr.App.1967).

All of the circumstances concerning flight and conduct of the appellant were admissible as part of the transaction and to describe relevant details of appellant's apprehension near the scene. *Hill v. State,* 420 S.W.2d 408, 410, 411 (Tex.Cr.App.1967). These grounds of error are without merit.

■ Appellant contends that he was denied the right to effective assistance of counsel guaranteed by the United States Constitution, Amendment Six. The standard of performance for both retained and appointed counsel is the same. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). In Texas that single standard under the Sixth Amendment is "reasonably effective assistance of counsel." *Ex Parte Duffy,* 607 S.W.2d 507, 516 (Tex. Cr.App.1980). An examination of the entire record reflects that the appellant and his defense counsel had an abrasive relationship and that appellant expressed dissatisfaction more than one time. However, this ground, without more, is not enough to show ineffective assistance. *Gonzales v. State,* 532 S.W.2d 343, 345 (Tex.Cr.App. 1976). Further, an examination of the entire record shows that defense counsel presented many objections, during both the guilt-innocence and punishment phases. There was vigorous cross-examination. The trial judge noted that the defense counsel was "doing as good a job as he can with the evidence." Finally, isolated failures to object during trial will not ordinarily suffice to prove ineffective assistance of counsel. *Ewing v. State,* 549 S.W.2d 392, 395 (Tex.Cr.App.1977). *See Taylor v. State,* 610 S.W.2d 471 (Tex.Cr.App.1981). Ground of error seven is without merit.

The judgment is affirmed.