Reynaldo **MARTINEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–81–00090–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 2, 1981.

but also in a related temporary suspension ac-

Hector J. Leal, Laredo, for appellant.

Charles R. Borchers, Dist. Atty., Laredo, for appellee.

OPINION

Before ESQUIVEL, BUTTS and CANTU, JJ.

BUTTS, Justice.

This is an appeal from a conviction for voluntary manslaughter. The jury found

tion concerning the sheriff.

appellant guilty and assessed punishment at twenty (20) years' confinement in the Texas Department of Correction.

In his sole ground of error appellant complains that he was denied reasonable and effective assistance of counsel, and that his retained trial attorney breached a legal duty to appellant in the trial of the cause.

■ The test for determining the effectiveness of retained counsel, as in the instant case, is the same now as for appointed counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 344–345, 100 S.Ct. 1708, 1716–1717, 64 L.Ed.2d 333 (1980). Before this definitive decision on the standard required of defense counsel in criminal cases, mandated by the Sixth Amendment of the United States Constitution, the standard applied in Texas as to retained counsel was different: "Effective assistance of retained counsel must be gauged by whether or not there was willful conduct by retained counsel without defendant's knowledge which amounts to a breach of legal duty." *Harrison v. State*, 552 S.W.2d 151, 152 (Tex.Cr.App.1977). In Texas the single standard now is "reasonably effective assistance". *Ex Parte Duffy*, 607 S.W.2d 507, 515 (Tex.Cr.App.1980). *Aranda v. State*, 625 S.W.2d 8 (Tex.App.—San Antonio 1981).

■ The adequacy of an attorney's services must be determined by the totality of the representation. *See Harrison, supra.* In carefully examining the record in its entirety in the instant case, we find that the appellant testified in his own behalf at the guilt-innocence stage. Relating his version of the underlying incident giving rise to the criminal charge of murder, the appellant admitted shooting the deceased. The shooting followed an altercation at a bar, and his testimony amply supported a jury charge on the lesser included offense of voluntary manslaughter, of which he was convicted. We note that trial counsel made numerous objections and otherwise conducted an active defense in both phases of the trial.

Appellant's complaint of ineffective assistance of counsel focuses upon the punishment phase of the trial only, and then simply upon one segment of it.

There again appellant testified. His counsel inquired on direct examination:

Q. Reynaldo, have you ever been convicted of a felony, in this state or in any other state?

A. No.

Q. *Have you ever been arrested*? (Emphasis supplied.)

A. Yes, I have.

Q. When?

A. When I was younger, drinking under age ... D.W.I.'s.

The defense counsel questioned him concerning his application for probation and passed the witness for cross-examination by the State:

Q. Now, Mr. Martinez, you testified that you have been arrested before for being drunk or minor in possession and D.W.I., is that it?

A. Right.

. . . . .

Q. Anything else?

A. Fighting.

Q. Speeding?

A. Speeding.

Q. How about disorderly conduct? ...

A. Yes.

Q. That's another one you had not mentioned. How about disturbing the peace and using abusive language?

A. Yes.

Q. Drunk and disturbing the peace?

A. Yes...

Q. How about '74, in September, simple assault, drunk and disorderly?

A. Yes.

Q. D.W.I. ... How many times?

A. Once, I think.

Q. How about on June 6, 1971 ... and then again September 4, 1977...?

A. That's right.

Q. And is that all? Haven't you forgotten about *assault with intent to murder*, October 24, 1971? (Emphasis supplied.)

A. No.

Q. You were never arrested for that?

.    .    .    .    .

A. I was arrested.

On redirect examination his attorney asked:

Q. What happened on that occasion? What was the disposition of that trial?

A. I was blamed for stabbing this guy. I was accused, but we had an agreement and he asked me for six hundred dollars and he said we wouldn't take it to court or anything.

Q. Did you go to court?

A. No.

Q. Charges were dismissed?

A. Yes, charges were dismissed.

That appellant initially presented a diluted and shorter version of his prior difficulties to the jury is without question. It is axiomatic that the State may correct any false impression by showing other arrests once the appellant "opens the door." *Ex Parte Carter*, 621 S.W.2d 786, 788 (Tex.Cr. App.1981). *Reese v. State*, 531 S.W.2d 638, 640 (Tex.Cr.App.1976).

Appellant argues that defense counsel should not have inquired about any of the inadmissible arrests,[1] since this led to the establishment before the jury of the fact of the arrest for assault with intent to murder. He reasons, "Although this was an isolated incident of incompetency on the part of counsel it did more damage than had counsel been totally lax during the course of trial."

It is this court's duty to review the totality of representation, not just an isolated incident, and determine whether the appellant has been denied his constitutional right to effective assistance of counsel. *Ex parte Ewing*, 570 S.W.2d 941 (Tex.Cr.App.1978). In that case, at 943–944, the Court of Criminal Appeals stated:

"....[w]e are not in a position to 'second guess' through appellate hindsight the strategy adopted by counsel at trial. Trial lawyers occupy the here and now; they do not possess the luxury of a record to review, nor are they given time to formulate solutions to complex procedural or evidentiary issues in the midst of trial. The fact that another attorney may have pursued a different tactical course of trial is insufficient to support a finding of ineffective assistance of counsel."

In this connection *see Johnson v. State*, 614 S.W.2d 148, 154 (Tex.Cr.App.1981), holding that whatever prejudicial impact the failure of that defense counsel to move to strike the testimony of incompetent reputation witnesses at the punishment phase, or to move for a mistrial, considering the totality of the representation provided that appellant by trial counsel, the court could not say the failure was of a sufficient degree to constitute ineffective assistance.

We hold that, even if the defense actions at the punishment proceedings were not based on a "plausible defense strategy", which they may well have been, the totality of the representation provided appellant by his trial counsel indicates, without doubt, effective assistance of counsel.

The judgment is affirmed.

---

1. Tex.Code Crim.Pro.Ann. art. 37.07, § 3(a) states that evidence of a prior criminal record in all criminal cases in which a finding of guilty has been returned may be introduced:

   "Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."