Sam NICKERSON, Jr., Appellant,

v.

STATE of Texas, Appellee.

Nos. A14–84–255–CR, B14–84–256–CR and C14–84–257–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 31, 1985.

Edward A. Mallett, Houston, for appellant.

Karen Zellars, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is a consolidated appeal from a conviction for engaging in organized criminal activity pursuant to TEX.PENAL CODE ANN. § 71.02 (Vernon Supp.1984). Appellant was sentenced to forty years' confinement in the Texas Department of Corrections. He also appeals an order revoking probation received in two earlier convictions. We affirm all three sentences.

On November 3, 1980, appellant waived his right to trial by jury and pled guilty to the offenses of unauthorized use of a motor vehicle (Cause No. 316,975) and burglary of a building with intent to commit theft (Cause No. 319,680). Punishment in both cases was assessed at five years' confinement in the Texas Department of Corrections. The imposition of sentence was suspended and appellant was placed on five years' probation. On December 10, 1982, the state filed Motions to Revoke Probation in both causes on grounds that appellant 1) committed burglary of a building with intent to commit theft, 2) committed theft, 3) failed to report as directed, 4) failed to work faithfully at suitable employment, and 5) failed to avoid injurious habits. These motions were carried by the court through appellant's trial and conviction for the offense of engaging in organized criminal activity (Cause No. 385,898). On March 27, 1984, punishment for the primary offense was assessed by the court at forty years' confinement in the Texas Department of Corrections. On the same day appellant's probations were revoked, and the original five years' confinement imposed, the five and forty year sentences to run consecutively.

Appellant's first ground of error is a four-pronged attack on the sufficiency of the evidence to support the orders revoking probation.

One of the grounds on which appellant's probation was revoked was a finding by the trial court that appellant committed the offenses of burglary of a building with intent to commit theft, and theft, in violation of the probation condition that he commit no offense against the laws of Texas. The Motions to Revoke Probation alleged that appellant burglarized a building owned by *Roy James*. (This offense was also the basis for the indictment alleging appellant engaged in organized criminal activity.) Appellant argues that a fatal variance exists between the Motions to Revoke and the proof since the evidence showed the victim was *James Roy*. A motion to revoke probation need not meet the particularities of an indictment, information or complaint. *Champion v. State*, 590 S.W.2d 495 (Tex.Crim.App.1979). Where, as here, the state alleges the violation of a condition requiring the appellant to refrain from violating the law, it is not necessary that such an allegation be stated with the precision necessary in an indictment allegation. It is sufficient that a violation of the law be alleged and that fair notice be given to the appellant. *Bradley v. State*, 608 S.W.2d 652 (Tex.Crim.App.1980) (en banc). Appellant was alleged to have violated the law, and a description of the offense was sufficient to apprise him of the grounds for revocation. We need not address appellant's other contentions since one sufficient ground for revocation will support the trial court's order to revoke probation. *Moore v. State*, 605 S.W.2d 924 (Tex.Crim.App. 1980). The sole ground of error concerning the Motions to Revoke Probation is overruled.

Appellant's next five grounds of error challenge his conviction for engaging in organized criminal activity.

Appellant is one of several persons arrested and prosecuted for participation in "crash burglaries" committed during 1982 in Harris County. A "crash burglary" occurs when an automobile is driven through a store window or door for purposes of committing theft. Appellant was convicted of engaging in the organized criminal activ-

ity of burglarizing a Walter Pye's store on November 23, 1982. The evidence against him was gathered according to the following scenario.

On November 6, 1982, Herbert Lee Briscoe was arrested on outstanding traffic warrants. Briscoe, who was on parole, agreed to keep tabs for the police on a group of young black males with whom he associated. Briscoe claimed the group, which included the appellant, committed crash burglaries on a regular basis. According to Briscoe the gang would meet at Frank's Market and Car Wash in the Third Ward to plan their burglaries. Later in November the police learned from another suspect that the stolen goods were delivered to a "fence" on Leopold Street. On November 22, 1982, the police placed Frank's under surveillance and obtained a search warrant for the Leopold Street residence. Around midnight the police on surveillance observed the appellant and others gather at Frank's. Various testimony established that this group went to Greenspoint Dodge, stole two cars and returned to Frank's. From there the group went to Greenspoint Mall and committed a crash burglary at Walter Pye's Clothing Store. One of the group, Clarence Walker, testified that the appellant participated in this burglary. Meanwhile the search warrant was executed on Leopold Street. Those police received a radio report that cars were approaching the scene, one of which was driven by appellant. Appellant was arrested on arrival at Leopold Street, and stolen articles from Walter Pye's were discovered in the car. Appellant and others identified by Briscoe as participating in the burglary were arrested.

■ In his first ground of error the appellant challenges the constitutionality of the Texas organized crime statute, TEX. PENAL CODE ANN. §§ 71.01–.05 (Vernon Supp.1984). In particular he complains that § 71.03(1) permits a conviction without the requisite mens rea. This section states that "It is no defense to prosecution under Section 71.02 of this code that: (1) one or more members of the combination are not

criminally responsible for the object offense." Appellant's argument is without merit since the statute does not, as contended, negate the mens rea requirement. The mens rea required is the intent to establish, maintain, or participate in a combination or the profits of a combination which commits or conspires to commit a burglary. Thus the scienter element of the statute requires that the actor know of the criminal activity of the group. Section 71.-03(1) simply eliminates as a defense the fact that one or more of the members of the conviction are not themselves criminally responsible for the underlying offense of burglary. In addition we note that §§ 71.-01 and 71.02 have been held constitutional. *Lucario v. State*, 677 S.W.2d 693 (Tex.App. —Houston [1st Dist.] 1984, pet. granted); *Moore v. State*, 672 S.W.2d 242 (Tex.App.— Houston [14th Dist.] 1983, no pet.). Appellant's first ground of error is overruled.

Appellant alleges in his second ground of error the trial court erred in overruling his exception to the form of the indictment because he was entitled to know specifically the manner in which the combination intended to violate the statute.

■ The indictment tracked the statute and alleged that the appellant "intentionally and knowingly, with the intent to establish, maintain, and participate in a combination and the profits of a combination of five or more persons who collaborate in carrying on criminal activities, to wit: Burglaries..." Appellant complains that the term "burglaries" is not sufficient to place him on notice of the specific criminal activity the combination collaborated to commit since the term is defined several ways in the Penal Code with varying attached penalties. Appellant was convicted of the offense of engaging in organized criminal activity which involves the underlying offense of burglary. Since burglary is only the underlying offense for engaging in organized criminal activity, the elements and acts surrounding the burglary need not be alleged in the indictment. *See Linville v. State*, 620 S.W.2d 131 (Tex.Crim.App.1981); *Lucario v. State*, 677 S.W.2d at 696. Ap-

**298**

pellant's second ground of error is overruled.

Appellant alleges in his third ground of error the trial court denied him a fair trial by preventing him from presenting an opening statement prior to the presentation of the state's case in chief. The order of trial proceedings is set forth in TEX.CODE CRIM.PROC.ANN. art. 36.01 (Vernon 1981). The statute provides that a defendant's opening statement shall be made *after* the state's evidence. The statute also provides for the taking of special pleas from the defendant before the state's opening statement. "Special pleas" are narrowly defined in TEX.CODE CRIM. PROC.ANN. art. 27.05 (Vernon Supp.1984), as those concerning claims of double jeopardy. There is nothing in the record to indicate appellant made a special plea. He objects to a strict application of the statute, however, on grounds that the state's witnesses were also his witnesses. Therefore he needed an opportunity to explain to the jury that he would be cross-examining the state's witnesses to prove his defensive theory, i.e. that the state was relying on uncorroborated accomplice testimony. Appellant claims he was denied a fair trial because the jury was left with the impression that the witnesses were solely witnesses for the state. While we agree the trial court should have allowed the appellant to make an opening statement following that of the prosecution *under these circumstances,* we hold it was not reversible error for the court to adhere to the statute absent a showing by the appellant that he was in fact harmed by the denial. The third ground of error is overruled.

In his fourth ground of error appellant asserts the trial court erred in overruling his motion in limine, as a consequence of which the court made admissible various extraneous offenses of which appellant was not given notice in the indictment. To preserve error for review by this court, the denial of a motion in limine is not sufficient. There must be proper objection to the proferred evidence. *Basham v. State,* 608 S.W.2d 677 (Tex.Crim.App.1980).

Moreover, the objection must be made every time the allegedly inadmissible evidence is offered. *Boles v. State,* 598 S.W.2d 274 (Tex.Crim.App.1980). The record indicates several points at which appellant failed to object to the introduction of extraneous offenses, thus this ground of error presents nothing for review. The fourth ground of error is overruled.

Appellant's fifth ground of error asserts the trial court erred in overruling his objection to the court's charge for failing to instruct the jury that Herbert Lee Briscoe was an accomplice as a matter of law. Appellant cites no authority to support his ground of error, therefore it presents nothing for review. *Phillips v. State,* 511 S.W.2d 22 (Tex.Crim.App.1974); TEX.CODE CRIM.PROC.ANN. art. 40.09, § 9 (Vernon Supp.1985). The fifth ground of error is overruled and the conviction is affirmed.