Morris JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–85–00499–CR.

Court of Appeals of Texas, San Antonio.

Sept. 10, 1986.

Discretionary Review Refused Nov. 26, 1986.

Mark Stevens, San Antonio (court-appointed on appeal only), for appellant.

Sam Millsap, Jr., Bill Harris, Jody Tullos, Edward Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a conviction for burglary of a building. TEX.PENAL CODE ANN. § 30.02 (Vernon 1974). After a jury found appellant guilty, it found an enhancement allegation in the indictment true, and assessed punishment at seventy-five years confinement and a fine of $7,500.00.

Appellant's first point of error complains of error by the trial court in denying his Motion to Dismiss because the State failed to comply with the Texas Speedy Trial Act. TEX.CODE CRIM.PROC.ANN. art. 32A.02. As this court has recently held the Speedy Trial Act to be unconstitutional, see Creel v. State, 710 S.W.2d 120 (Tex.App.— San Antonio 1986, pet. pend.), appellant's first point of error is overruled.

In his second point of error, appellant alleges that the trial court erred in denying his Motion to Suppress Physical Evidence. Appellant was charged with entering a building with the intent to commit theft without the consent of the owner.

The record indicates that the building's owner, Bill Case, was notified on the evening of January 19, 1985, by the Central Burglar Alarm Company that his building in San Antonio, Texas, was being burglarized. Case went to the building and met police officers there. Case had told the burglary alarm company people to meet him at the back of the building because it was easier to get in through the rear entrance. Case was talking to police officers in front of the building when they observed a blue and white Dodge Polaris automobile travelling at a high rate of speed come from behind the building followed by a truck driven by Joel Urdiales, an employee of the burglar alarm company.

Urdiales testified at trial that he was working at the Central Burglar Alarm Company on the evening of January 19, 1985. A silent alarm went off indicating that the building owned by Bill Case was being burglarized. Urdiales contacted the police and Bill Case, and then went to the Case building. When he arrived, he drove to the back of the building and saw that an overhead door of an abandoned warehouse next to the Case building was open approximately two to three feet. A sheetrock wall between the Case building and the warehouse had a two foot hole in it.

As Urdiales waited in his truck, he observed the appellant come out of the warehouse, with sheetrock abrasions and dust on him, in a blue and white car. Urdiales

followed the car for approximately one-half mile, until it slammed into a fence. Appellant got out of the car and ran from the scene.

Urdiales radioed for the police, who came to the location of the disabled blue and white car. In the back seat of the car, in plain view, were boxes and various items of stereo equipment bearing Bill Case's name. Urdiales gave the police a description of the suspect and what he was wearing. Approximately forty-five minutes later, police apprehended appellant and returned him to the location of the blue and white car.

Police officers at the scene dusted the stereo equipment for fingerprints and returned the items to Bill Case. Case was able to identify the property as his both because of the markings on the boxes and through invoice receipts.

Appellant's second point of error complains that the trial court erred in failing to suppress evidence of the allegedly stolen equipment. The items were not themselves introduced into evidence, but testimony concerning the various items was offered. Prior to trial, appellant had filed a *pro se* Motion for Identification and Examination of Seized Evidence. In this motion, appellant sought to examine all evidence in the State's possession. Appellant also filed a Motion to Suppress all Physical Evidence, alleging that any such evidence was obtained pursuant to an illegal search and seizure.

Appellant points to TEX.CODE CRIM. PROC.ANN. art. 47.01 (Vernon 1979) to support his argument that the evidence should have been suppressed. Article 47.-01 provides:

> An officer who comes into custody of property alleged to have been stolen *must* hold it subject to the order of the proper court or magistrate. (Emphasis added).

Appellant argues that the mandatory language of this article required the police to retain custody of the property until ordered to do otherwise. No such order appears in the record, and so far as the record discloses the property was simply returned to

Case as soon as it was recovered and dusted for fingerprints.

Appellant further contends that the purpose of article 47.01 is to protect the accused from false accusations regarding allegedly stolen property, by requiring that, absent judicial authorization, the physical evidence be available at trial to corroborate testimonial evidence. The State, however, argues that article 47.01 was designed to protect police officers from claims of wrongful withholding of property from its true owners. Thus, the State maintains that appellant has no standing to contest the disposition of property which he did not own. *See Snell v. Short,* 544 F.2d 1289 (5th Cir.1977); *Murray v. Lyons,* 95 S.W. 621 (Tex.Civ.App.1906, no writ).

■ Initially we note that appellant made no objection to the admission of testimony concerning the stereo equipment at trial, other than through his Motions for Identification and Suppression, which were overruled. Thus, appellant has waived any error in the admission of such testimony by not properly preserving his objection at trial. *Cisneros v. State,* 692 S.W.2d 78 (Tex.Crim.App.1985); *Nickerson v. State,* 686 S.W.2d 294 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). Furthermore, we find no error by the trial court in overruling appellant's Motions for Identification and Suppression because article 47.01 does not provide that suppression is the remedy for a failure by police officers to retain property. *Collins v. State,* 686 S.W.2d 272 (Tex.App.—Houston [14th Dist.] 1985, no pet.).

■ We are unable to find any authorization for suppression of the evidence in this case. Suppression is the appropriate remedy when evidence is illegally *obtained* in violation of a defendant's rights, TEX. CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979), but is not mandated when property may have been improperly *disposed* of as opposed to having been illegally *obtained.*

██ Appellant's argument that the return of allegedly stolen property to its owner deprives a defendant of the ability to challenge the existence of the property at trial is without merit. The witnesses who observed the stereo equipment in the blue and white car and who returned it to the owner, as well as the property's owner, were all available to testify and did testify at trial. Thus, appellant had ample opportunity to attack the credibility of these witnesses concerning the existence of such property.

Point of error number two is overruled.

In his third point of error, appellant alleges that the trial court erred in denying his specially requested jury instruction regarding identification testimony. Appellant filed a pretrial Motion to Suppress Identification Testimony by Urdiales. At a hearing on the motion, Urdiales testified that after appellant was apprehended he was returned to the location of the blue and white Dodge. According to Urdiales, a police officer told him they had a suspect and asked Urdiales to identify him. Appellant was at the time Urdiales identified him, standing with a police officer in front of a police car with a spotlight shining on him. Appellant's Motion to Suppress Identification Testimony was denied. No complaint is made about the court's ruling on this motion.

At the charge conference, appellant requested that the jury be instructed on identification. Although the record reflects that the trial judge looked at the requested charge, no copy of it or a dictation of the charge is included in the record. The requested charge was denied because the trial court concluded that such would constitute a comment on the weight of the evidence.

██ Appellant's complaint has not been properly preserved for appeal. To challenge the trial court's denial of a specially requested instruction, the instruction must be made a part of the record, either by including a copy of the charge in the transcript, or by dictating the instruction into the statement of facts. As neither

was done in this case, appellant's alleged error is not properly preserved for review. *Hughes v. State,* 612 S.W.2d 581 (Tex.Crim. App.1981); TEX.CODE CRIM.PROC.ANN. art. 36.14 (Vernon Supp.1986).

Point of error number three is overruled.

Finding no error requiring reversal, the judgment of the trial court is affirmed.