NO. 07-08-0514-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C 



DECEMBER 16, 2009




______________________________




ROBERT D. HALL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2008-418,741; HONORABLE CECIL PURYEAR, JUDGE



_______________________________




Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.



OPINION




The ability to obtain uncoerced confessions is not an evil but an unmitigated
good. Justice Scalia, McNeil v. Wisconsin, 501 U.S. 171, 181, 111 S.Ct.
2204, 115 L.Ed.2d 158 (1991).


 

 Appellant, Robert D. Hall, was convicted by a jury of possession with intent to deliver
cocaine (1) weighing less than two hundred grams but at least four grams, a first degree felony (2)
and was sentenced to confinement for forty years. In a single point of error, Appellant
asserts the trial court violated his Sixth Amendment right to counsel when it admitted into
evidence his inculpatory statements made to police during an Appellant-initiated interrogation
in the absence of his attorney. We affirm. 

Background


 The indictment in this cause alleged that on or about November 29, 2007, in Lubbock
County, Texas, Appellant knowingly possessed with intent to deliver, a controlled substance
in penalty group one, namely cocaine, by aggregate weight of less than two hundred grams
but at least four grams. Shortly after his arraignment on January 24, 2008, Appellant
obtained counsel and was freed on a $40,000 bail bond. 

 At trial, Officer Billy Koontz of the Lubbock Police Department testified that, in July
2008, Appellant came to see him at the Drug Enforcement Administration's office in
Lubbock. He testified Appellant requested the meeting and was there of his own free will.
Although subjected to questioning, Appellant was not given any Miranda warnings prior to
or during their meeting. See Miranda v. Arizona, 384 U.S. 436, 444-45, 86 S.Ct. 1602, 16
L.Ed.2d 694 (1966). According to Officer Koontz's testimony, Appellant wanted to cut a deal
to avoid prison time. In return, Appellant offered to supply Officer Koontz with information
about drug deals in the Lubbock area. Officer Koontz responded he could not promise
Appellant anything in return for the information and would have to contact the district
attorney's office. He also indicated any deal would depend on the information Appellant
could provide. 

 Without objection, Officer Koontz testified that, in addition to other information related
to the local drug trade, Appellant admitted he obtained the crack cocaine found in his car the
day of his arrest from a drug dealer in Lubbock. (3) Based upon the meeting, Officer Koontz
concluded Appellant was knowledgeable about the local drug trade and Appellant's 
knowledge was likely gained from being a drug dealer. 

 Following his conviction, Appellant's counsel filed a motion for a new trial that did not
mention Appellant's inculpatory statements made to Officer Koontz. After the trial court
denied Appellant's motion, this appeal followed.Discussion

 Appellant asserts his inculpatory statements were obtained in violation of his Sixth
Amendment right to counsel and the trial court committed error by permitting Officer Koontz
to testify regarding their meeting. The State counters that: (1) Appellant failed to preserve
error because he did not object to the admissibility of his inculpatory statements at trial; and
(2) Appellant waived his Sixth Amendment right to have counsel present when he initiated
the contact with Officer Koontz. 

 I. Preservation of Error

 We will first address the State's preservation of error contention. As a general rule,
in order to preserve a complaint for appellate review, the record must show that (1) the
complaint was made known to the trial court, and (2) the trial court either ruled on the
request, or refused to rule and the complaining party objected to the refusal. (4) See Tex. R.
App. P. 33.1(a)(2). While Appellant concedes that his counsel made no objection to Officer
Koontz's testimony at trial, (5) he counters the State's argument by contending that the
preservation of error rule has no application to his complaint because the violation of his
Sixth Amendment rights constitutes "fundamental" or "structural" error.

 In the absence of proper procedural perfection of error, the only type of errors that
may be raised for the first time on appeal are complaints that the trial court disregarded an
absolute or systemic requirement or that the appellant was denied a waivable-only right that
he did not waive. Bessey v. State, 239 S.W.3d 809, 812 (Tex.Crim.App. 2007); Mendez v.
State, 138 S.W.3d 334, 342 (Tex.Crim.App. 2004); Marin v. State, 851 S.W.2d 275, 280
(Tex.Crim.App. 1993), overruled on other grounds, Cain v. State, 947 S.W.2d 262
(Tex.Crim.App. 1997). Therefore, because Appellant failed to procedurally perfect his
objection to Officer Koontz's testimony at trial, we are prohibited from considering his
assignment of error, unless the admission of that testimony violated an absolute or systemic
requirement or Appellant did not forfeit a right that was "waivable-only."

 A. Systemic or Absolute Requirements

 Recognized as being absolute, systemic requirements are not necessarily
constitutional. Systemic or absolute requirements include, but are not limited to, personal
jurisdiction, subject-matter jurisdiction, a penal statute's compliance with the Separation of
Powers section of the state constitution, a constitutional requirement that a district court
conduct its proceedings at the county seat, a constitutional prohibition against ex post facto
laws, and certain constitutional restraints on the comments of a judge. Saldano v. State, 70
S.W.3d 873, 888-89 (Tex.Crim.App. 2002). 

 At issue here is the Sixth Amendment guarantee that "[i]n all criminal prosecutions,
the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." 
U.S. Const. amend. VI. See Gideon v. Wainright, 372 U.S. 335, 340-45, 83 S.Ct. 792, 9
L.Ed.2d 799 (1963). The Sixth Amendment right to counsel applies in all state criminal
prosecutions in which the defendant is accused of a felony. Id. at 342. Once the adversarial
judicial process has been initiated, (6) the Sixth Amendment guarantees a defendant the right
to have counsel present at all "critical" stages of the criminal proceeding. Montejo v.
Louisiana, ___ U.S. ___, 129 S.Ct. 2079, 2085, 173 L.Ed.2d 955 (2009); Hughen v. State,
Nos. PD-1123-08 & PD-1124-08, ___S.W.3d ___ 2009 WL 3189187, at *3 (Tex.Crim.App.
Oct. 7, 2009). (7) Interrogation by the police, after charges have been filed, is considered to
be a critical stage. Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed. 2d 424 (1977). 
Hughen, 2009 WL 3189187 at *3.

 The right to have counsel present during a post-indictment interrogation by the police
may, however, be waived, as long as the waiver is voluntary, knowing, and intelligent. (8)
Patterson v. Illinois, 487 U.S. 285, 292 n.4, 108 S.Ct. 2389, 101 L.Ed,2d 261, (1988);
Hughen, 2009 WL 3189187, at *4. In Montejo, the United States Supreme Court discarded
the presumption established in Michigan v. Jackson, 475 U.S. 625, 106 S.Ct. 1404, 89
L.Ed.2d 631 (1986), that, once a defendant has requested counsel at an arraignment or
similar proceeding, law enforcement is automatically forbidden from initiating an interrogation
of the defendant in the absence of his counsel's consent. Montejo, 129 S.Ct. at 2086-2088. 
Furthermore, "nothing in the Sixth Amendment prevents a suspect charged with a crime and
represented by counsel from voluntarily choosing, on his own, to speak with the police in the
absence of an attorney." Michigan v. Harvey, 494 U.S. 344, 352, 110 S.Ct. 1176, 108
L.Ed.2d 293 (1990). "To hold otherwise would be to refuse to grant proper respect to [an
accused's] desire to confess his criminal conduct on his own terms"; Lucas v. State, 791
S.W.2d 35, 49 (Tex.Crim.App. 1989), and, "[a]lthough a defendant may sometimes later
regret his decision to speak with police, the Sixth Amendment does not disable a criminal
defendant from exercising his free will." State v. Maldonado, 259 S.W.3d 184, 189
(Tex.Crim.App. 2008) (quoting Harvey, 494 U.S. at 353). 

 As a procedural safeguard, a defendant has at least two opportunities to seek redress
for any alleged violation of his or her right to assistance of counsel during a post-indictment
interrogation by: (1) filing a pretrial motion to suppress evidence and having it heard and
ruled upon before trial; (9) Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6) (Vernon 2006); or (2)
objecting to the admission of the evidence at the time it is offered at trial and request a
hearing outside the presence of the jury. Tex. R. Evid. 103(c). See Holmes v. State, 248
S.W.3d 194, 199 (Tex.Crim.App. 2008). In either case, the accused is empowered by
statute to have his or her counsel seek redress of any Sixth Amendment violation during a
post-indictment interrogation before there is any possibility the violation might affect his
ability to receive a fair trial. (10) 

 Based upon these precedents and the procedural safeguards in place to protect the
accused in the event of a violation of the right to counsel in such circumstances, we find that
the right to have counsel present during post-indictment defendant-initiated interrogations
is not a systemic or absolute right.

 B. Waivable-Only Rights

 Waivable-only rights are rights that cannot be waived merely by omission. Instead, 
those rights can only be waived by affirmative acts of commission. Waivable-only rights
include the right to assistance of counsel, the right to trial by jury, and the right of appointed
counsel to have ten days of trial preparation. See Aldrich v. State, 104 S.W.3d 890, 895-96
(Tex.Crim.App. 2003); Saldano, 70 S.W.3d at 888.

 The fact that an accused is already represented by counsel at the time an
incriminating statement is obtained by police does not automatically preclude a finding of
waiver. Hughen, 2009 WL 3189187, at *12. Stone v. State, 612 S.W.2d 542, 546
(Tex.Crim.App. 1981). For a unilateral waiver of assistance of counsel to be effective, the
law requires that the accused initiate the contact with the police that leads to waiver and not
vice versa. Maldonado, 259 S.W.3d at 186. (11) Initiation is an inquiry representing a desire
on the part of the accused to open up a more generalized discussion relating directly or
indirectly to the officer's investigation. Baldree v. State, 784 S.W.2d 676, 686
(Tex.Crim.App. 1989). 

 Although the Court of Criminal Appeals has yet to expressly decide whether an
accused's Sixth Amendment right to counsel during post-indictment interrogation is a
"waivable-only" right, their opinion in Swain v. State, 181 S.W.3d 359 (Tex.Crim.App. 2005),
is instructive. In Swain, the appellant asserted, on appeal, that the police violated his right
to counsel under the Fifth and Sixth Amendments when they continued to question him after
the accused had appeared before a magistrate and requested counsel be appointed. Id. at
365. In his written motion to suppress submitted to the trial court, the accused asserted a
violation of his right to counsel and his right against self-incrimination under the Fifth, Sixth,
and Fourteenth amendments of the United States Constitution and article one, §§ 10 and
19 of the Texas Constitution. Id. Because the accused's global statements consisting of
little more than citations to constitutional and statutory provisions failed to assert a specific
complaint, the Swain Court held that the accused's "global statements in his pretrial motion
to suppress were not sufficiently specific to preserve the arguments he [was] making on
appeal" under Rule 33.1 of the Texas Rules of Appellate Procedure. Id. (12) 

 Again, based upon these precedents and the procedural safeguards in place, we find
that the right to have counsel present during post-indictment defendant-initiated
interrogations is not a waivable-only right. Therefore, because Appellant failed to make a
timely objection to the admission of his inculpatory statements, he failed to preserve the
argument on appeal. 

 II. Waiver

 Furthermore, even if the right to have counsel present during post-indictment
defendant-initiated interrogations is a "waivable-only" right, the record establishes Appellant
did not forfeit that right by inaction but instead affirmatively waived that right by initiating
contact. The uncontroverted evidence indicates Appellant initiated the communication with
Officer Koontz under circumstances evidencing a voluntary, knowing, and intelligent desire
to engage in a generalized discussion of his ongoing investigation for purposes of his own
personal benefit. See Oregon v. Bradshaw, 462 U.S. 1039, 1045-46, 103 S.Ct. 2830, 77
L.Ed.2d 405 (1983); Baldree, 784 S.W.2d at 685-86.

 The record reveals that Appellant alone requested the meeting with Officer Koontz. 
At the meeting, Appellant indicated he wished to negotiate a deal permitting him to avoid
serving time in prison in return for giving information. Appellant's actions and statements
indicated that he wished to "go it alone" without counsel and open up a more generalized
discussion related to Officer Koontz's investigation. 

 Further, there is no evidence of record that Officer Koontz "deliberately elicited"
incriminating information from Appellant. (13) Officer Koontz neither coerced, threatened,
promised nor induced Appellant to make any incriminating statements. The record is
uncontroverted that Officer Koontz informed Appellant he could promise him nothing in
exchange for the information and Appellant's subsequent statements were made in
furtherance of his unilateral desire to obtain a deal. True, Appellant received no Miranda
warnings when the conversation took place, however he was free on bail and could have left
the DEA office at any moment. See Montejo, 129 S.Ct. at 2090 ("When a defendant is not
in custody, he is in control, and need only shut his door or walk away to avoid police
badgering . . . noninterrogation interactions with the State do not involve the 'inherently
compelling pressures,'[citation omitted], that one might reasonably fear could lead to
involuntary waivers.")

 Accordingly, considering all the facts and circumstances surrounding Appellant's
meeting with Officer Koontz in July 2008, we find Appellant waived his Sixth Amendment
right to counsel when he initiated the contact with Officer Koontz. Appellant's single point
of error is overruled. Conclusion


 The trial court's judgment is affirmed.

 


 Patrick A. Pirtle 

 Justice 


Publish.


1. Cocaine is a controlled substance listed in Penalty Group 1. See Tex. Health & Safety Code Ann.
§ 481.102(3)(D) (Vernon 2003). 
2. Tex. Health & Safety Code Ann. § 481.112(d) (Vernon 2003).
3. Because the contraband in question was not located on Appellant's person at the time of his arrest,
possession was a critical issue in his prosecution.
4. Typically, a party preserves error for appeal by presenting a timely request, objection or motion to
the trial court that states the specific grounds for the desired ruling unless the specific grounds are apparent
from the record. Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 103(a)(1). This gives the trial judge and the
opposing party an opportunity to correct the error at a time when the judge is in the best position to take
testimony, if necessary, consider counsels' arguments, and rule on the objection in the context of the original
proceeding. See Pena v. State, 285 S.W.3d 459, 464 (Tex.Crim.App. 2009). Without a contemporaneous
objection, a defendant generally waives error, and in that instance, a reviewing court may only review
fundamental error. Jasper v. State, 61 S.W.3d 413, 420 (Tex.Crim.App. 2001). See Tex. R. Evid. 103(d). 
 
5. Neither did Appellant file a motion to suppress his inculpatory statements prior to trial. 
6. Adversary proceedings are initiated by formal charge, preliminary hearing, indictment, information
or arraignment. Cloer v. State, 88 S.W.3d 285, 288 (Tex.App.-San Antonio 2002, no pet.) (citing Robinson
v. State, 851 S.W.2d 216, 224 (Tex.Crim.App. 1991)). 
7. Not every event following inception of adversarial judicial proceedings constitutes a "critical stage"
so as to invoke the right to counsel under the Sixth Amendment. Green v. State, 872 S.W.2d 717, 720
(Tex.Crim.App. 1994). A pretrial stage is "critical" only if the accused requires aid in coping with legal
problems or assistance in meeting his adversary. Id.
8. In the context of waiver of rights, an "intelligent" waiver is not the same thing as a "wise" decision to
forego a right. For purposes of determining whether there has been an intelligent waiver, courts examine the
specific facts and circumstances surrounding the waiver, including the background, experience and conduct
of the accused.
9. A motion to suppress is a specialized objection regarding the admissibility of evidence. Galitz v.
State, 617 S.W.2d 949, 952 n. 10 (Tex.Crim.App. 1981). Such a motion is the proper remedy when evidence
is illegally obtained in violation of a defendant's rights. Wade v. State, 814 S.W.2d 763, 764 (Tex.App.-Waco
1991, no pet.) (citing Jackson v. State, 717 S.W.2d 713, 715 (Tex.App.-San Antonio 1986, pet. ref'd, untimely
filed)). 
10. An accused also has a Fifth and Fourteenth Amendment right to have counsel present during a
custodial interrogation. Edwards v. Arizona, 451 U.S. 477, 482, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). 
Unlike the right to counsel under the Sixth Amendment, however, which attaches automatically at the initiation
of an adversary criminal proceeding; see Davis v. United States, 512 U.S. 452, 456-57, 114 S.Ct. 2350, 129
L.Ed.2d 362 (1994), the Fifth Amendment right to counsel attaches when affirmatively invoked by the accused
at any time prior to, or during, questioning. Miranda, 384 U.S. at 473-74. Further, because the right to
counsel during an interrogation under both constitutional sources may be waived using the same procedure;
Patterson v. Illinois, 487 U.S. at 296, doctrines ensuring voluntariness of a Fifth Amendment waiver
simultaneously ensure the voluntariness of a Sixth Amendment waiver. See Montejo, 129 S.Ct. at 2090. 
 
11. Where a defendant initiates the contact with police, the unilateral waiver of his right to counsel has
been upheld. Baldree v. State, 784 S.W.2d 676, 685-86 (Tex.Crim.App. 1989), cert. denied, 495 U.S. 940,
110 S.Ct. 2193, 109 L.Ed.2d 521 (1990). See Flores v. State, 49 S.W.3d 29, 33 (Tex.App.-San Antonio 2001,
pet. ref'd). Further, even though an accused has invoked his right to counsel during custodial interrogation,
the United States Supreme Court recognizes that the police may resume an interrogation without counsel if
"the accused himself initiates communication, exchanges, or conversations with the police." Edwards v.
Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) (emphasis added). Accord Montejo,
___ U.S. ___, 129 S.Ct. at 2085-86, 2090; Maldonado, 259 S.W.3d at 188-89; Cross v. State, 144 S.W.3d
521, 528-30 (Tex.Crim.App. 2004). 
12. See also Sabedra v. State, No. 05-03-01709-CR, 2005 WL 1155068, at *2 (Tex.App.-Dallas 2005,
pet. dism'd, untimely filed) (not designated for publication) (failure to make a specific objection at trial that
admission of tape recording violated Sixth Amendment right to counsel waived point on appeal).
13. "Deliberate elicitation" is "intentionally creating a situation likely to induce [a person] to make
incriminating statements without the assistance of counsel." United States v. Henry, 447 U.S. 264, 274, 100
S.Ct. 2183, 65 L.Ed.2d 115 (1980). Whether the law enforcement officer engaged in deliberate elicitation may
be established by proof that the officer engaged in conduct designed to elicit an incriminating response from
the accused before the accused communicated information about the offense or his desire to convey
information about the offense. Maldonado, 259 S.W.3d at 191. See Lara v. State, 740 S.W.2d 823, 833
(Tex.App.-Houston [1st Dist.] 1987, pet. ref'd), cert. denied, 493 U.S. 827, 110 S.Ct. 92, 107 L.Ed.2d 57
(1989).