# NO. 12-11-00326-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IVAN LICERIO,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ivan Licerio appeals his conviction for engaging in organized criminal activity. In two issues, Appellant contends that the trial court erred by failing to properly instruct the jury and admitting improper evidence. We reverse and remand.

## BACKGROUND

Adrian Rodela and his son were in their house when they discovered that Appellant was in Rodela's vehicle rummaging through the contents. Rodela and his son confronted Appellant, who was intoxicated. Appellant claimed it was a mistake and attempted to leave, but Rodela thought it better that Appellant explain himself to the police.

Several officers came to the scene and questioned Appellant, Rodela, and Rodela's son. Appellant was arrested. Eventually, Appellant was charged with engaging in organized criminal activity because, according to the indictment, Appellant "without the effective consent of [Rodela], the owner [of the vehicle], [broke] into and [entered Rodela's] vehicle . . . with intent to commit theft; [and Appellant] . . . commit[ted] said offense as a member of a criminal street gang."

The case proceeded to trial. During the presentation of evidence, the State introduced

previous admissions by Appellant that he was a member of the East Side Locos and specific instances of criminal conduct committed by members of the East Side Locos. Appellant implicitly conceded that he committed the burglary of the motor vehicle and that East Side Locos is a criminal street gang. However, he challenged the State's assertion that he was a current member of the East Side Locos. He also contended that the State had not shown he committed the burglary with the intent to establish, maintain, or participate as a member of the East Side Locos.

Appellant requested the trial court to instruct the jury that the elements of the crime of engaging in organized criminal activity are as follows: "With intent to establish, maintain, or participate as a member of a criminal street gang, [the accused] commits or conspires to commit burglary of an automobile." The trial court did not submit Appellant's requested instruction. Appellant objected that the trial court's instructions to the jury failed to include all elements of the crime of engaging in organized criminal activity. After some discussion, the trial court overruled Appellant's objection.

The jury found Appellant guilty of engaging in organized criminal activity and assessed his punishment at imprisonment for ten years and a fine of $10,000. The trial court sentenced Appellant accordingly, and this appeal followed.

**IMPROPER JURY CHARGE**

In his first issue, Appellant argues that the trial court improperly charged the jury because it did not include all elements of the crime of engaging in organized criminal activity. Specifically, Appellant argues that the trial court was required to instruct the jury that it should find Appellant guilty of engaging in organized criminal activity if Appellant, with the intent to establish, maintain, or participate as a member of a criminal street gang, committed burglary of a motor vehicle.

The State counters that Appellant has waived the issue by withdrawing his objection to the jury charge. The State argues further that even if the issue is not waived, the trial court properly charged the jury or, alternatively, that any error in the charge was harmless. Generally, error preservation is a threshold issue. *See Mays v. State* 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). In the context of alleged charge error, however, we consider preservation in determining the applicable standard for analyzing harm. *See Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011). Accordingly, we will first address whether the jury charge was erroneous.

2

**Standard of Review and Applicable Law**

In criminal jury trials, the trial court must deliver "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Because the charge instructs the jury on the law applicable to the case, it must contain an accurate statement of the law and set out all essential elements of the offense. *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995). Thus, to determine whether the trial court erred in its instructions to the jury, we first must determine the essential elements of the charged offense by applying the pertinent rules of construction to the statute. *See Clinton v. State*, 354 S.W.3d 795, 799-800 (Tex. Crim. App. 2011).

When interpreting a statute, we focus on the "'collective' intent or purpose of the legislators who enacted the legislation." *Id.* at 800 (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). To determine the collective intent of the legislators, we examine the actual text of the statute itself. *Id*. We read words and phrases in context and construe them according to the rules of grammar and common usage unless they have acquired a technical or particular meaning. TEX. GOV'T CODE ANN. § 311.011 (West 2005).

When necessary to determine the plain meaning of the statute, we apply canons of construction relating to the text. *Rushing v. State*, 353 S.W.3d 863, 865 (Tex. Crim. App. 2011). Only when the language is ambiguous or would cause an absurd result do we consider extratextual factors. *Clinton*, 354 S.W.3d at 800. We presume that in enacting a statute, the legislature intended (1) compliance with the constitutions of Texas and the United States, (2) the entire statute to be effective, (3) a just and reasonable result, (4) a result feasible of execution, and (5) to favor the public interest over any private interest. TEX. GOV'T CODE ANN. § 311.021 (West 2005).

"[I]n enacting an amendment[,] the Legislature is presumed to have changed the law, and a construction should be adopted that gives effect to the intended change, rather than one that renders the amendment useless." *See Jackson v. State*, 94 S.W.3d 46, 49 (Tex. App.—Tyler 2002, pet. ref'd) (quoting *Ex parte Trahan*, 591 S.W.2d 837, 842 (Tex. Crim. App. 1980)). In other words, we presume the legislature intends to change the law when it amends a statute. *Id.*

Where a defendant properly preserves a jury charge issue for appellate review, we must ascertain if error actually occurred. *See Posey v. State*, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998). But an erroneous or incomplete jury charge does not result in automatic reversal. *Abdnor v. State*,

3

871 S.W.2d 726, 731 (Tex. Crim. App. 1994). If error occurred, reversal is required if the error is "calculated to injure the rights of the defendant," which means that the accused has suffered some harm from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Thus, an error that has been properly preserved will require reversal only if the error is not harmless. *Id.* The harm suffered must be more than merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012). We evaluate the issue of harm "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the arguments of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171. In contrast, if a defendant does not object at trial, the error must be "fundamental," resulting in "egregious harm." *Id.* In that instance, reversal is required only if the error was so egregious and created such harm that the defendant "has not had a fair and impartial trial." *Id.*

**Elements of the Offense**

Appellant was charged with engaging in organized criminal activity under Texas Penal Code Section 71.02. This statute provides that "[a] person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, the person commits or conspires to commit [one or more of several offenses including burglary of a motor vehicle]." TEX. PENAL CODE ANN. § 71.02(a) (West Supp. 2012).

Appellant maintains that a person commits the offense of engaging in organized criminal activity, as set out in Section 71.02, if, with the intent to establish, maintain, or participate (1) in a combination, or (2) in the profits of a combination, or (3) as a member of a criminal street gang, (4) the person commits or conspires to commit one of several offenses, including burglary of a motor vehicle. Thus, Appellant essentially argues that the statute requires proof that the defendant intended to participate in the commission of the offense on behalf of the gang, and that commission of the offense coupled with gang membership, without more, is insufficient under the statute.

In contrast, the State urges that a person commits the offense if, (1) with the intent to establish, maintain, or participate (a) in a combination, or (b) in the profits of a combination, or (2) as a member of a criminal street gang, (3) the person commits or conspires to commit one of several offenses, including burglary of a motor vehicle. According to the State's reading of the statute, the

4

elements of the offense as applied to this case are that Appellant, (1) as a member of a criminal street gang, (2) committed or conspired to commit burglary of a motor vehicle. The State explains that the intent to "establish, maintain, or participate" as a member of a criminal street gang is implicit in the statutory definition of "criminal street gang." *See id*. § 71.01(d) (West 2011). As we understand its argument, the State urges that because Appellant belongs to a criminal street gang, as that term is defined in Section 71.01(d), he necessarily possessed the intent to participate in the gang, share in its profits, and engage in criminal conduct on behalf of the gang. Therefore, according to the State, proof of gang membership alone establishes the "intent to establish, maintain, or participate as a member of a criminal street gang."

The State correctly points out that Section 71.02 was amended in 1991 to add "or as a member of a criminal street gang." Act of 1991, 72nd Leg., ch. 555, § 1, 1991 Tex. Gen. Laws 1968 (amended 1995) (current version at TEX. PENAL CODE ANN. § 71.02(a) (West Supp. 2012)). The legislature also added the definition of "criminal street gang." Act of 1991, 72nd Leg., ch. 555, § 1, 1991 Tex. Gen. Laws 1968 (amended 1995) (current version at TEX. PENAL CODE ANN. § 71.01(d) (West 2011)). A "criminal street gang" is currently defined as "three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities." TEX. PENAL CODE ANN. § 71.01(d).

Before the 1991 amendment, the statute reached "combinations" only, which are defined as "three or more persons who collaborate in carrying on criminal activities."[1] *Id*. § 71.01(a). "Collaborate" means "[t]o work together, especially in an intellectual effort." THE AMERICAN HERITAGE COLLEGE DICTIONARY 273 (3d ed. 1993).[2] Accordingly, the state must prove that the members of a combination "intend[ed] to work together in a continuing course of criminal activities." *Nguyen v. State*, 1 S.W.3d 694, 697 (Tex. Crim. App. 1999). On the other hand, "associate," which is used in the definition of "criminal street gang," means "to join as a partner, ally, or friend." THE AMERICAN HERITAGE COLLEGE DICTIONARY 83 (3d ed. 1993). It also can

---

[1] At that time, members of criminal street gangs were prosecuted as members of a "combination." *See generally, e.g., Nickerson v. State*, 686 S.W.2d 294 (Tex. App.–Houston [14th Dist.] 1985, pet ref'd).

[2] When determining the fair, objective meaning of an undefined statutory term, an appellate court may consult standard dictionaries. *Clinton*, 354 S.W.3d at 800.

simply mean "to keep company." *Id*. Consequently, a member of a criminal street gang can be subject to prosecution for engaging in organized criminal activity if he commits offenses on his own through his association with the gang, for the benefit of the gang, even though that same conduct might not satisfy the requirement that members of a combination "collaborate in carrying on criminal activities." *Compare* Tex. Penal Code Ann. § 71.01(a), *with* § 71.01(d). Thus, the 1991 amendment broadened the definition of engaging in organized criminal activity. Nevertheless, Appellant argues that these amendments do not relieve the State of its burden to prove Appellant's "intent to establish, maintain, or participate as a member of a criminal street gang." We agree.

In reviewing the plain language of the statute, we note the legislature's use of the words "or" and "as" in the relevant portion of the statute. *See id*. § 71.02(a) (statute requires commission of one or more enumerated offenses "with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang"). **"Or"** has been commonly defined as a disjunctive particle used to express an alternative or to give a choice of one among two or more things." *City of Lubbock v. Adams*, 149 S.W.3d 820, 827 (Tex. App.– Amarillo 2004, pet. denied) (quoting Black's Law Dictionary 1095 (6th ed. 1990)). Thus, "the disjunctive 'or' usually, but not always, separates words or phrases in the alternate relationship, indicating that either of the separated words or phrases may be employed without the other." *Perez v. State*, 11 S.W.3d 218, 225 (Tex. Crim. App. 2000). And, in the context of this case, "as" means "[i]n the role, capacity, or function of." The American Heritage College Dictionary 78 (3d ed. 1993).

Applying these definitions to the language of the statute, we conclude that the legislature stated the requisite intent for engaging in organized criminal activity in the disjunctive. More specifically, we conclude, as Appellant does, that under Section 71.02, a person must commit one or more of the enumerated offenses with the intent to establish, maintain, or participate

    (1)  in a combination; *or*

    (2)  in the profits of a combination; *or*

    (3)  ***in the role, capacity, or function of*** a member of a criminal street gang. *See* Tex. Penal Code Ann. § 71.02(a). Thus, the statute provides three means by which a defendant may possess the intent required for engaging in organized criminal activity, and the state must establish

at least one of the three as an element of the offense in a prosecution under Section 71.02. The State seems to contend here that this interpretation does not give effect to the amended language of the statute. However, we are persuaded that this interpretation (1) gives effect to the expanded scope of Section 71.02, (2) recognizes the corresponding expansion of the requisite intent for engaging in organized criminal activity, as evidenced by the plain language of the statute, and (3) furthers the purpose of the amended language—to prohibit and punish organized crime involving criminal street gangs.[3] Moreover, we see nothing in the statutory definition of "criminal street gang" that requires a contrary result. *See id*. § 71.01(d) (defining "criminal street gang" as "three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities").

Finally, the State argues that several courts have reviewed the sufficiency of the evidence without any discussion of proof regarding the "intent to establish, maintain, or participate as a member of a criminal street gang" element. We first note that we are not bound by the holdings of our sister courts. *See, e.g., Delamora v. State*, 128 S.W.3d 344, 359 (Tex. App.–Austin 2004, pet. ref'd). However, Appellant has called our attention to the Waco court of appeals' holding that Section 71.02 requires proof that the defendant intended to establish, maintain, or participate as a member of a criminal street gang at the time of the offense. *See Samaripas v. State*, No. 10-09-00044-CR, 2010 WL 376949, at *4 (Tex. App.—Waco Feb. 3, 2010, pet. ref'd). Moreover, several other courts have identified these same elements of the crime of engaging in organized criminal activity when the accused is a member of a criminal street gang. *See, e.g., Zavala v. State*, No. 13-10-00255-CR, 2012 WL 601412, at *12 (Tex. App.—Corpus Christi Feb. 23, 2012, no pet.) (mem. op., not designated for publication); *Lott v. State*, No. 05-09-01098-CR, 2011 WL 2573371, at *1 (Tex. App.—Dallas June 29, 2011, pet. ref'd) (mem. op., not designated for publication); *Jackson v. State*, 314 S.W.3d 118, 124-25 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Fuentes v. State*, No. 14-08-00613-CR, 2009 WL 997508, at *4 (Tex. App.—Houston [14th Dist.] Apr. 14, 2009, pet. ref'd) (mem. op., not designated for publication); *Byrd v. State*, No. 02-08-00124-CR,

---

[3] Because the statute is unambiguous, we do not rely on extratextual aids to construe the meaning of the statute. Nevertheless, we note that the legislative history of the amendment supports our reading of the statute because it shows the amendment was intended to "enhance the penalties for a number of offenses if they were committed for the benefit of, at the direction of or in association with a criminal street gang." House Research Org., Bill Analysis, Tex. H.B. 549, 72d Leg., R.S. (1991).

2009 WL 672390, at *3 (Tex. App.—Fort Worth Mar. 12, 2009, pet. dism'd) (mem. op., not designated for publication).

Additionally, we note that one case cited by the State actually lists the challenged element. *See Lott v. State*, No. 05-09-01098-CR, 2011 WL 2573371, at *1 (Tex. App.–Dallas June 29, 2011, pet. ref'd) (mem. op., not designated for publication). Another case cited by the State was decided by this court. *See Coulston v. State*, No. 12-04-00067-CR, 2005 WL 1404979, at *4 (Tex. App.—Tyler June 15, 2005, no pet.) (mem. op., not designated for publication). In that case, we did not specifically state that the defendant was acting with the intent to establish, maintain, or participate as a member of a criminal street gang. However, we concluded that the evidence was sufficient to establish that he, "as a leader of [a criminal street gang], promoted or assisted fellow gang members . . . by directing, aiding, or attempting to aid them [in the commission of a crime]." *Id*. at *6. Therefore, the evidence was sufficient to satisfy the "intent to establish, maintain, or participate as a member of a criminal street gang" element.

In summary, according to the plain language of Texas Penal Code Section 71.02, the state must show that a defendant alleged to have engaged in organized criminal activity "as a member of a criminal street gang," intended to "establish, maintain, or participate . . . as ["[i]n the role, capacity, or function of"] a member of a criminal street gang." *See* TEX. PENAL CODE ANN. § 71.02; THE AMERICAN HERITAGE COLLEGE DICTIONARY 78. Consequently, the jury in this case was required to make such a finding as an essential element of the offense. Accordingly, the jury should have been instructed on that element. Because the jury was not so instructed, the trial court did not include all essential elements of the offense in its charge. This omission is error.

**Preservation**

The State argues that Appellant withdrew his objection to the jury charge at trial and therefore did not preserve the error he complains of on appeal. Specifically, the State points to a discussion of the charge during which Appellant's counsel said, "And, Judge, once again, I'm happy with where we are, if the Court wants to deny my request." Because the harm analysis differs depending on whether error was properly preserved, we address the State's argument before conducting a harm analysis.

As a prerequisite to presenting a complaint for appellate review, the record must show that (1) the complaint was made to the trial court (2) by a timely request, objection, or motion (3) that

8

stated the grounds for the ruling that the complaining party sought from the trial court (4) with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1. This requirement serves valuable purposes, the most important being that a prompt objection provides the trial court or the opposing party an opportunity to rectify or avoid a problem immediately. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005). Of course, if a party withdraws his request or objection, he has failed to properly preserve error for appellate review. *Salazar v. State*, 38 S.W.3d 141, 148 n. 3 (Tex. Crim. App. 2001).

Here, Appellant specifically objected that the charge did not include the element of the crime that Appellant acted with the intent to establish, maintain, or participate as a member of a criminal street gang. After extensive argument, Appellant's counsel made his statement that "I'm happy with where we are, if the court wants to deny my request." The trial court responded, "If you're asking me to deny your request, I will deny it. But if you're asking me to try to make the right decision, I'll keep looking here and make sure that I try to do things right [s]ince we're at a point where I can go either way if I agree with you." The record does not show that Appellant's counsel responded to the trial court's comments. The trial court then carefully considered several cases and overruled Appellant's objection. Based on the record, we hold that Appellant preserved his objection to the trial court's charge.

**Harm Analysis**

Having determined that error occurred, and that Appellant preserved the error by timely objection, we must now determine if Appellant suffered some harm as a result of the error. *Almanza*, 686 S.W.2d 157, 171. From our examination of the entire jury charge, we note that the jury was instructed to find Appellant guilty of engaging in organized criminal activity only if it found beyond a reasonable doubt that Appellant committed the offense of burglary of a vehicle as a member of a criminal street gang. However, the charge made absolutely no mention of the requirement that Appellant have acted with the intent to establish, maintain, or participate as a member of a criminal street gang.

The evidence presented at trial was strong that Appellant committed the burglary of the motor vehicle. Also, there was sufficient, but contested, evidence that Appellant was a current member of the East Side Locos. And Appellant did not dispute that East Side Locos is a criminal

9

street gang. As we stated earlier, however, the main contested issue was whether Appellant acted with the intent to establish, maintain, or participate as a member of a criminal street gang.

According to the record, Appellant was confronted by the owner of the burglarized motor vehicle and contended that his entry into the vehicle was a "mistake." However, he did not testify at trial. The gang intelligence officer for the Tyler Police Department testified that burglary of a motor vehicle is an offense that is often committed in furtherance of a criminal street gang. But he also testified that individual gang members often commit the offense "for themselves" because it is a simple way for the individual to finance himself. No further evidence was presented on the issue. Therefore, the evidence on this issue is far from conclusive.

Both parties addressed the contested element during closing argument. The State argued that Appellant committed the burglary to benefit the East Side Locos. The State also argued that Appellant's conduct showed he was a gang member. But on two occasions, after Appellant argued that he was guilty of the burglary but that he was not furthering the street gang in any way, the State objected that Appellant's argument had no basis in the charge. Appellant continued to argue that he was not acting on behalf of the gang. The State responded as follows:

> That was a cute trick by [Appellant's counsel] to get up there and try to confuse you on the law. . . . So let me make this real clear. You've got the charge in front of you. You're not going to see anything in here about furtherance of gang activity. But let me make this real clear. You want to play that game, play it. He wants to confuse you and play that game, he can play that all day long. Because let me tell you how this works. You know what [Appellant's counsel] wants you to do? I'll tell you what [Appellant's counsel] wants you to do. [Appellant's counsel] wants to make his own law, the defense bar law.

## Conclusion

As we explained earlier, the jury charge in this case did not require the jury to make an express finding on the intent element of the offense of engaging in organized criminal activity. Indeed, the State reiterated several times that the charge did not require proof that Appellant committed the burglary of the vehicle with the intent to establish, maintain, or participate as a member of a criminal street gang. The charge did not contain any definition or instruction that contradicted the State's interpretation of the charge. Thus, the jury was informed that whether Appellant intended to commit the offense to benefit the gang was not a matter for its consideration.

At trial, Appellant maintained that his intent was an essential element of the offense and that

the State did not establish the intent required by Section 71.02.  The evidence relating to Appellant's intent was weak, and a reasonable fact finder could have concluded that evidence did not show beyond a reasonable doubt that Appellant intended to "establish, maintain or participate [in the burglary of a vehicle] as a member of a criminal street gang."   But because of the error in the charge, the jury was not permitted to determine Appellant's intent, and therefore Appellant's defensive theory was not evaluated by the jury.

Based upon our review of the entire record, we conclude that the trial court's omission of the element of intent from the jury charge deprived Appellant of his valuable right to have a jury determination of every element of the alleged offense and vitally affected his defensive theory to his detriment.  *See Sanchez v. State*, 209 S.W.3d 117, 125 (Tex. Crim. App. 2006).   Therefore, we further conclude that Appellant suffered some actual harm from the trial court's error.  *Cf. id*. (holding that deprivation of valuable right to have jury determination of every element of offense and vital effect on defensive theory constituted egregious harm).

Appellant's first issue is sustained.

## DISPOSITION

Because we have sustained Appellant's first issue, we *reverse* the trial court's judgment and *remand* for a new trial.   Having sustained Appellant's first issue, we do not address his second issue.  *See* TEX. R. APP. P. 47.1.

**BRIAN HOYLE**
Justice

Opinion delivered January 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

11



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2013**

### NO. 12-11-00326-CR

**IVAN LICERIO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 007-0274-11)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

# THE STATE OF TEXAS
# M A N D A T E

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TO THE 7TH DISTRICT COURT of SMITH COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 31st day of January, 2013, the cause upon appeal to revise or reverse your judgment between

**IVAN LICERIO, Appellant**

**NO. 12-11-00326-CR; Trial Court No. 007-0274-11**

Opinion by Brian Hoyle, Justice.

**THE STATE OF TEXAS, Appellee**

was determined; and therein our said Court made its order in these words:

"THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for a new trial** in accordance with the opinion of this court; and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the _____ day of _____, 201____.

CATHY S. LUSK, CLERK

By:_____
    Deputy Clerk

13